THE VILLAGE OF RUSSELLVILLE *et al.*

*v.*

WILLIAM PURDY *et al.*

*Opinion filed December 16, 1903.*

TAXES—*certified copy of village levy ordinance is essential to the clerk's authority to extend tax.* The filing of a certified copy of the tax levy ordinance with the county clerk is essential to his authority to extend the tax, and neither the original appropriation ordinance nor the original tax levy ordinance can be substituted for it.

APPEAL from the Circuit Court of Lawrence county; the Hon. P. A. PEARCE, Judge, presiding.

GEE & BARNES, for appellants.

W. F. FOSTER, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Paragraph 89 of chapter 24 of Hurd's Revised Statutes of 1901 provides that the boards of trustees in villages shall, within the first quarter of each fiscal year, pass an appropriation ordinance, appropriating such sums as may be deemed necessary to defray the necessary expenses and liabilities of the village. Paragraph

111 of the same chapter requires the board of trustees, on or before the third Tuesday of September of each year, to ascertain the total amount of appropriations for corporate purposes which is to be collected from the tax levy of that fiscal year, and, by an ordinance, to levy the amount so ascertained upon the property subject to taxation within the village. The same section requires that a certified copy of such ordinance shall be filed with the county clerk, who shall extend the tax levied by the ordinance. The president and board of trustees of the village of·Russellville, in Lawrence county, passed the appropriation ordinance, as contemplated by statute, within the first quarter of the fiscal year 1899, and thereafter, within the time prescribed by statute, passed an ordinance levying a tax to meet the amount of the appropriation. The village clerk deposited ·with the county clerk what appears to be the original appropriation ordinance. No certificate was attached. No other document of any kind was filed with the county clerk for the purpose of authorizing him to extend the tax levied. He, however, extended the amount of the appropriation ordinance as a village tax. Appellees filed their bill in the circuit court of Lawrence county stating the facts as above, except they denied the passage of the ordinance levying the tax, and averred that the county clerk, without any authority of law, extended the village tax against the complainants in the bill, and prayed an injunction against the collector of taxes restraining him from collecting that tax from the complainants. The village was also made a defendant. A temporary injunction was issued. At the May term, 1900, of the circuit court of that county the defendants answered, trial was had and a decree was entered perpetually enjoining the collection of the tax. The defendants ,appealed to this court.

In the absence of a certified copy of the ordinance levying the tax the county clerk was without authority to make the extension. The certificate of the levy of

the tax is jurisdictional. *People* v. *Chicago and Northwestern Railway Co.* 183 Ill. 311; .*Indiana, Decatur and Western Railway Co.* v. *People,* 201 id. 351.

On the trial in the court below the village clerk of Russellville testified that he intended to send the tax levy ordinance to the county clerk, but made a mistake and sent the wrong ordinance. Counsel for appellants then said, "Then we will ask this gentleman to correct his mistake as village clerk." The chancellor said, in response to this offer, "It is too late now," and this action of the court is assigned as error, and it is urged that the course which appellants sought to follow in the court below was authorized by section 191 of chapter 120, (Hurd's Stat. 1901,) providing that the omission or defective act of any officer connected with the assessment or levying of the tax may be, in the discretion of the court, corrected, supplied and made to conform to law by the court, or by the person (in the presence of the court) from whose neglect or default the same was occasioned. We think the action of the court below was proper. Waiving other objections, it does not appear from the request made precisely what the defendants sought. The witness said he sent the wrong ordinance; that he intended to send the tax levy ordinance. This would not have been a compliance with the law, as he should have sent a certified copy of that ordinance. The request was that he be permitted to correct his mistake, which evidently would have meant the substitution of one ordinance for the other. Nothing which purported to be a copy of the levy ordinance had been filed with the county clerk, and there was therefore nothing to amend.

The decree of the circuit court of Lawrence county is in accordance with the law, and will be affirmed.

*Decree affirmed.*