THE PEOPLE *ex rel.* Isaac N. Cooley, County Treasurer, Appellee, *vs.* CALEB WOODYARD, Appellant.

*Opinion filed June 29, 1910.*

1. TAXES—*town clerk must certify hard roads tax to county clerk.* The certificate required by section 3 of the Hard Roads act of 1883 to be filed with the county clerk is similar to that required by section 4 of article 12 of the Township Organization act, and it is not sufficient for him to file with the county clerk the original certificate made by the commissioners of highways.

2. SAME—*the hard road tax is illegal unless proper certificates have been made.* Unless the certificates required by section 3 of the Hard Roads act of 1883 to be made by the highway commissioners and by the town clerk have been made the tax is illegal and the county clerk has no authority to extend the tax.

APPEAL from the County Court of Edgar county; the Hon. T. N. COFER, Judge, presiding.

F. C. VANSELLAR, for appellant.

R. S. DYAS, State's Attorney, (F. W. DUNDAS, and J. E. DYAS, of counsel,) for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

Caleb Woodyard, the appellant, filed objections in the county court of Edgar county to the application of the county collector for judgment against his lands for delinquent taxes for the year 1908. The objections, in so far

as they questioned the hard road tax of the town of Ross, in said county, were overruled and judgment was rendered against the lands for the amount of such tax extended against them. Woodyard has appealed from that judgment to this court.

The objections made by appellant to the hard road tax are, first, that no valid certificate of levy of the tax had been filed with the county clerk; and second, that the pretended levy had been theretofore held invalid by the county court of Edgar county. In support of these objections appellant proved that the instrument from which the county clerk had extended the hard road tax in 1908 had been lost since the tax was extended, and then sought to show the nature of that instrument by secondary evidence. He offered in evidence a sheet of legal cap which had been pasted in the record book of the commissioners of highways of the town of Ross, on which was written the following:

"Board of highway commissioners met in their semi-annual meeting for regular business and also to make special levy for building rock roads, as follows: It is hereby certified by the highway commissioners of the town of Ross, at their semi-annual meeting held at their regular meeting place in the office of C. E. Bonner Manufacturing Company, to the town clerk of said town of Ross, that a special tax of one dollar on each $100 (for five years) assessed valuation of all the taxable property, including railroads, in said town, for the purpose of constructing and maintaining rock roads, in accordance with a vote taken at the annual town meeting held on the 4th day of April, 1905. The above named roads as described in the petition as voted upon are as follows:" Then follows a description of the roads, and the signature, "N. Y. Nelson, town clerk."

The commissioners of highways did not sign this instrument and there was no endorsement to show that it had ever been filed with the town clerk. This instrument was in the handwriting of Nelson, but had not been pasted

into the commissioners' record until after Nelson's term of office had expired and he had turned over the files and records of the office to his successor. Nelson, who was the town clerk in 1905, and B. W. James, one of the commissioners of highways, called as witnesses by appellant, both testified that the above instrument was the certificate of levy of the hard road tax and that it was delivered by the commissioners of highways to the town clerk on the day the tax was levied by the commissioners. Nelson further testified that within a short time thereafter he made out and certified under his hand and delivered to the county clerk a substantial copy of that document; and James testified that he had seen a substantial copy in the office of the county clerk at a former hearing in the county court upon objections to this tax. Both of these witnesses testified that the instrument appearing in the record of the commissioners of highways was the original and that the one filed with the county clerk was a copy. Nelson could not remember whether the instrument filed with the county clerk was signed by the commissioners, while James testified that he and the other two commissioners signed it. F. C. VanSellar, a witness called by appellant, testified that he had in 1907 and 1908 filed objections to the hard road tax in question on behalf of the Toledo, St. Louis and Western Railroad Company and that the objections were sustained; that the evidence at that time showed that the original certificate, signed by the commissioners, had been filed with the county clerk, and the decision of the court was that no proper certificate was on file with the county clerk. Walter S. Lamon, county judge of Edgar county, was also called as a witness by appellant. He testified that he presided at the hearings upon objections to the hard road tax of the town of Ross in 1907 and 1908; that the signatures to the certificate on file with the county clerk were then identified as those of the commissioners, and that objections to the tax were sustained on the ground

that the weight of the evidence showed that the original certificate had been filed with the county clerk instead of a copy. The appellee offered no evidence to contradict the testimony of the above witnesses.

Section 3 of the Hard Roads act of 1883 provides that if a majority of the votes cast at the election shall be in favor of the special tax, it shall then be the duty of the commissioners of highways to levy a tax in accordance with the vote and certify the same to the town clerk in counties under township organization, who shall certify the amount voted to the county clerk, who shall cause the same to be extended on the tax books. It is apparent that in this case the town clerk did not make the certificate required to the county clerk, but instead filed with the county clerk the original certificate made by the commissioners of highways. This is not a compliance with the statute and does not warrant the extension of the tax. The certificate required to be made by the town clerk under the Hard Roads act is similar to that required by section 4 of article 12 of the Township Organization act, concerning the interpretation of which we have said: "It will thus be seen that in the extension of town taxes the authority of the county clerk is the certificate of the town clerk. Without such certificate any attempt to extend such tax is illegal and void. (*Weber* v. *Ohio and Mississippi Railway Co.*.96 [108] Ill. 451.) Back of such certificate must, of course, be a levy of the tax by the proper township authorities, because from such levy, only, can the town clerk obtain the amount to be certified." (*Peoria, Decatur and Evansville Railway Co.* v. *People,* 141 Ill. 483; *Indiana, Decatur and Western Railway Co.* v. *People,* 201 id. 351.) Thus it will be seen that the certificate of the levy by the commissioners to the town clerk and the certificate by the town clerk to the county clerk of the amount voted, are each of them jurisdictional and must be made by the officer or officers designated in the statute. In this case no proper

certificate has been filed, either with the town clerk or with the county clerk. The objections to the hard road tax should have been sustained.

No proper proof was offered of a former adjudication of this matter by the county court, so nothing is presented for the consideration of the court on the other objection made.

The judgment of the county court is reversed and the cause remanded, with directions to sustain the objections to the hard road tax of the town of Ross.

*Reversed and remanded, with directions.*