THE PEOPLE *ex rel.* N. M. Baird, County Collector, Appellant, *vs.* THE CAIRO, VINCENNES AND CHICAGO RAILWAY COMPANY, Appellee.

*Opinion filed December 21, 1910.*

1. TAXES—*duty of commissioners in the matter of levying road and bridge tax.* Under the statute the commissioners of highways must make a certificate of the rate per cent agreed upon by them to be levied on the property of the town for road and bridge purposes and for the payment of any outstanding orders drawn on them by their treasurer, and this certificate must be delivered by them to the town clerk, to be kept by him on file for the inspection of the inhabitants of the town.

2. SAME—*duty of the town clerk in matter of levying road and bridge tax.* When the town clerk receives the certificate of· the highway commissioners of the rate they have agreed upon to be levied for road and bridge purposes and to pay outstanding orders, it is his duty to file the same and keep it and make a certified copy of the certificate, and transmit such copy to the county clerk as the latter's authority to extend the tax.

3. SAME—*the county clerk's only authority to extend road and bridge tax is the town clerk's certificate.* The only authority of the county clerk to extend a road and bridge tax is the town clerk's certified copy of the highway commissioners' certificate, and if the paper transmitted to him by the town clerk is the original certificate of the highway commissioners, or is a paper having nothing upon it to indicate that it is a copy and not the original, the county clerk has no authority to extend the tax, and if he does so it is void.

4. SAME—*county clerk may extend tax if the paper transmitted by town clerk purports to be a copy.* If the paper transmitted by the town clerk to the county clerk purports to be a copy of the original certificate of the highway commissioners the county clerk may extend the tax even though such copy is irregular or informal, as in such case, under the Revenue act, any mere error, irregularity, informality or omission of the town clerk in certifying the levy to the county clerk may be corrected by amendment،or supplied, in the discretion of the court.

5. SAME—*when paper transmitted to the county clerk cannot be amended by adding a certificate.* Where the town clerk copies the highway commissioners' certificate down to the signatures and then has the commissioners sign the paper the same as they signed their certificate, the county clerk is not justified in accepting such paper as a copy of· the certificate of the commissioners even though

, the paper bears no file-mark, and in such case the paper cannot be amended, on application for judgment and order of sale, by adding a proper certificate.

6. SAME—*failure of town clerk to transmit to county clerk anything purporting to be a copy of certificate of levy is fatal.* The failure of the town clerk to transmit to the county clerk anything which purports to be a copy of the highway commissioners' certificate of levy of the road and bridge tax, or anything which the county clerk is justified in accepting as such copy, is not a mere irregularity or omission which may be corrected by amendment or supplied, but is an entire omission of one of the steps essential to the validity of the tax.

7. SAME—*void city tax cannot be included in total taxes subject to reduction.* If the total taxes subject to reduction under the amended Revenue law will not exceed three per cent of the taxable property, provided a certain void tax is excluded, there is no violation of the statute in respect to such rate, and the fact that a tax-payer elects to pay such void tax does not entitle him to insist that it shall be included in the aggregate taxes to be reduced.

APPEAL from the County Court of Coles county; the Hon. T. N. COFER, Judge, presiding.

ROBERT G. HAMMOND, State's Attorney, and JAMES W. & EDWARD C. CRAIG, for appellant.

H. A. NEAL, (L. J. HACKNEY, of counsel,) for appellee.

A. C. ANDERSON, for the town of Charleston.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The county court of Coles county sustained the objection of the appellee, the Cairo, Vincennes and Chicago Railway Company, to the application of the appellant, the county collector of said county, for judgment for the road and bridge tax for the town of Mattoon and overruled the objection of the railway company to the town tax of the township of Charleston. Judgment was entered accordingly, from which the collector appealed and assigns for

error the adverse ruling concerning the road and bridge tax, and the railway company questions the ruling against it as to the town tax by means of a cross-error.

At the semi-annual meeting of the commissioners of highways of the town of Mattoon, held on September 7, 1909, the commissioners made a certificate of the rate of thirty-six cents on each $100 of taxable property as finally agreed upon to be levied for road and bridge purposes and for the payment of outstanding orders. The certificate was signed by the commissioners and was in all respects in accordance with the law. There was no additional levy required to be certified to the board of town auditors, but the members of that board approved the certificate and endorsed their names upon it. The certificate was filed in the office of the town clerk on the same day, and he then made a copy of the body of it down to the names of the commissioners and auditors, and this was signed by the commissioners and auditors in the same manner as the certificate filed in the clerk's office. The town clerk transmitted this last paper to the county clerk, who extended the tax by virtue of it. On the hearing the collector sought to obviate the objection that the clerk did not certify the levy to the county clerk as required by the statute by asking leave to amend the paper by annexing a certificate that it was a true copy of the certificate made by the commissioners of highways on file in the office of the town clerk. The court sustained an objection to the proposed amendment, and there being no basis for extending the tax the objection of the railway company was sustained.

The statute requires the commissioners to make a certificate of the rate per cent agreed upon by them to be levied on the property of the town for road and bridge purposes and for the payment of any outstanding orders drawn by them on their treasurer, and this certificate is to be delivered by them to the town clerk, to be kept by him on file for the inspection of the inhabitants of the town. The

town clerk is then required to certify the levy to the county clerk, to be by him extended upon the collector's book of the town, and the certificate of the town clerk is the authority, and the only authority, recognized by the statute for the extension of the tax by the county clerk. It has been repeatedly decided that any attempt of the county clerk to extend the tax without such a certificate is illegal. It was decided under a like statute with respect to town taxes, in *Peoria, Decatur and Evansville Railway Co.* v. *People ex rel.* 141 Ill. 483, and *Indiana, Decatur and Western Railway Co.* v. *People ex rel.* 201 id. 351. The same doctrine was declared with reference to the statute requiring the filing of a certified copy of a tax levy ordinance as a basis for a village tax, in the case of *Village of Russellville* v. *Purdy,* 206 Ill. 142, and was adhered to in *People ex rel.* v. *Kankakee and Southwestern Railroad Co.* 218 id. 588. It was held in those cases that in the absence of a certified copy of the ordinance the county clerk was without authority to extend the tax and that the certificate was jurisdictional. The rule was applied to this statute in the case of *Cincinnati, Indianapolis and Western Railway Co.* v. *People ex rel.* 213 Ill. 197, where it was held that the filing by the town clerk of the original certificate of levy made by the highway commissioners instead of the certified copy required by the statute invalidated the tax. The law is settled that a county clerk has no authority to act at all unless the tax levy is certified to him by the town clerk.

The Revenue act, however, provides that no error or informality in the proceedings of any of the officers connected with the assessment, levying or collecting of taxes, not affecting the substantial justice of the tax itself, shall invalidate or in any manner affect the tax, and any irregularity, informality, omission or defective act of any officer may, in the discretion of the court, be corrected, supplied and made to conform to the law. By virtue of that provision any mere error, irregularity, informality or omission

of a town clerk in certifying the tax levy to the county clerk may be corrected by amendment or supplied, and if anything is received by the county clerk from the town clerk which appears to be a copy of the certificate of the commissioners or which he is justified in accepting as such, any omission, defect, irregularity or informality in the act of the town clerk may be corrected, in the discretion of the court, for the purpose of sustaining the tax. If, however, there is nothing filed with the county clerk which appears to be a certificate of the town clerk or to be a copy of the certificate of the commissioners of highways, there is an absolute want of authority to extend the tax, since there is an entire omission of one of the necessary steps to the validity of a tax. Such a failure to comply with the statute is not a mere error, informality or omission required to make the certificate of the town clerk complete and perfect. If a paper is filed with the county clerk which appears on its face to be a copy, it may be amended on the hearing by adding a complete and proper certificate. (*Toledo, St. Louis and Western Railroad Co.* v. *People ex rel.* 225 Ill. 425; *People ex rel.* v. *Kankakee and Southwestern Railroad Co.* 237 id. 362.) The application of the statute providing for the correction of errors and omissions is illustrated by the latter case, where the certificate of the commissioners, with the written consent of the auditors and assessor, was made in duplicate, and one was deposited in the office of the town clerk and the other was annexed to other papers and all delivered as one document to the county clerk, with a certificate which was not complete because it related only to a part of the papers. One of the papers attached to the certificate was a copy of a vote at the town meeting attempting to levy the additional road and bridge tax. That was necessarily a copy of the town record, and the papers did not bear any file-mark, so that there was clearly an attempt of the town clerk to comply with the law and his omission could be supplied by an amendment. In this case

the paper filed with the county clerk did not appear to be a copy, but showed the different handwriting of the various persons who signed it and had the appearance of being an original certificate required to be kept in the town clerk's office. It did not bear any file-mark, and that is the only thing insisted upon as evidence that it appeared to be a copy and not the original. The want of a file-mark, standing alone, would raise no inference except that the town clerk had sent the paper to the county clerk instead of filing it in his office. As the paper did not appear to be a copy, and could not have been so regarded by the county clerk, there was nothing which could be amended. (*Cincinnati, Indianapolis and Western Railway Co.* v. *People ex rel. supra; Village of Russellville* v. *Purdy, supra.*) The court did not err in sustaining the objection to the road and bridge tax.

The court overruled the objection of the railroad company to the town tax of the township of Charleston. The objection was, that the total taxes subject to reduction under the Juul law exceeded three per cent, including the city tax of the city of Charleston, and that reduction was not made as required by that law. It was agreed by the parties that the aggregate tax rates, including the city tax, amounted to 4.15 per cent, but that the city tax was illegal and void for want of a certified copy of the tax levy ordinance as a basis for the tax. If the city tax was excluded, the remaining taxes were less than three per cent of the taxable property. As that tax was void and the clerk was without authority to include it there was no violation of the statute, and the fact that the railroad company elected to pay the void city tax did not alter the situation. It had no right to insist that a void tax should be included in the aggregate taxes to be reduced.

The judgment is affirmed.        *Judgment affirmed.*