THE PEOPLE *ex rel.* A. E. Woods, County Treasurer, Appellant, *vs.* THE CINCINNATI, INDIANAPOLIS AND WESTERN RAILWAY COMPANY, Appellee.

*Opinion filed February 23, 1912.*

1. TAXES—*statute does not authorize filing of original tax levy ordinance with county clerk.*   Section 1 of article 8 of the Cities and Villages act provides for the filing of a certified copy of the tax levy ordinance in the office of the county clerk, and the filing of the original tax levy ordinance in the office of the county clerk does not authorize him to extend the taxes.

2. SAME—*when tax levy ordinance filed with county clerk can not be shown to be a copy.*   If the paper filed in the office of the county clerk purports to be the original tax levy ordinance and not a copy thereof, it cannot be amended, upon application for judgment and order of sale, by permitting the village clerk to testify that the paper was a copy and to add his certificate to the paper to that effect.

APPEAL from the County Court of Edgar county; the Hon. DAN V. DAYTON, Judge, presiding.

WALTER V. ARBUCKLE, and JAMES K. LAUHER, for appellant.

SHEPHERD & TROGDON, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an application for judgment and order of sale by the county treasurer of Edgar county against the property of the appellee, in the county court of said county, for a village tax of $117.46 extended for the year 1910, in favor of the village of Metcalf, against the property of the appellee. The appellee appeared and filed objections, which were sustained and judgment and order of sale was denied, and an appeal has been prosecuted to this court to reverse the judgment of the county court.

The ground of objection urged in the court below and in this court against said tax is, that no certified copy of the ordinance by virtue of which the said tax was levied was filed in the office of the county clerk of Edgar county. The record shows that the village clerk of the village of Metcalf filed in the county clerk's office what purported upon its face to be the original (and not a certified copy) tax levy ordinance. Section 1 of article 8 of the City and Village act provides for the filing of a certified copy and not the original tax levy ordinance, and it has been held by this court that the filing of the original tax levy ordinance in the office of the county clerk does not authorize that officer to extend a valid tax. *Village of Russellville* v. *Purdy,* 206 Ill. 142; *Cincinnati, Indianapolis and Western Railway Co.* v. *People,* 213 id. 558; *People* v. *Kankakee and Southwestern Railroad Co.* 218 id. 588; *People* v. *Cairo, Vincennes and Chicago Railway Co.* 248 id. 36.

To avoid the objection raised against the tax levy, the appellant called the village clerk, who testified that he sent the tax levy ordinance offered in evidence to the county clerk by mail; that it was a copy of the ordinance as it appeared in the ordinance book, and that he enclosed with the ordinance a letter to the county clerk, in which he stated he "enclosed a copy of the tax levy for the village of Metcalf for the year 1910," and, based upon this evidence, it

was sought to amend the tax levy ordinance filed with the county clerk by adding thereto the clerk's certificate showing the ordinance on file in the county clerk's office was a certified copy and not the original ordinance. The county court permitted the amendment to be made, but subsequently, doubtless being of the opinion the amendment had been improperly permitted to be made, refused to enter judgment and order of sale upon said tax levy against the property of appellee, and the sole question argued here is the right of the appellant to amend said tax levy ordinance filed with the county clerk so as to show it to be a certified copy and not the original tax levy ordinance.

The ordinance filed with the county clerk could not properly be amended unless there was something upon the face of the ordinance filed with the clerk which showed it was a copy and not the original tax levy ordinance. The ordinance, as filed, purported, upon its face, to be the original, and the ordinance as it appeared on file in the county clerk's office could not be contradicted by what the village clerk said to the county clerk, by word of mouth or by letter, at the time the tax levy ordinance was filed, and then base an amendment upon the village clerk's testimony which contradicted the ordinance. In a case similar to the one at bar it was said: "If a paper is filed with the county clerk which appears on its face to be a copy, it may be amended on the hearing by adding a complete and proper certificate." (*People* v. *Cairo, Vincennes and Chicago Railway Co. supra.*) If, however, the paper filed did not appear to be a copy and could not have been so regarded by the county clerk there was nothing which could be amended. *People* v. *Cairo, Vincennes and Chicago Railway Co. supra.*

The court did not err in sustaining the objections to the tax, and the judgment of the county court is affirmed.

*Judgment affirmed.*