THE PEOPLE *ex rel.* A. H. Gleghorn, County Collector, Appellee, *vs.* THE KANKAKEE AND SENECA RAILROAD COMPANY, Appellant.

*Opinion filed December 17, 1912.*

1. TAXES—*when refusal to allow amendment of objections is not an abuse of discretion.* Refusal to allow an amendment of objections to cover an error in using the figures "1912" for "1911" is not an abuse of discretion, where the objector's counsel objected to any delay or postponement of the case to enable counsel for the People to send for the county clerk for the purpose of showing that the error was a mere inadvertent, clerical one.

2. SAME—*when the county clerk is authorized to extend tax— amendment.* If the certificate for road and bridge taxes delivered to the county clerk is marked "copy" on the outside and at the top, even though there is no certificate attached that it is a true copy of the original, the county clerk is justified in treating the certificate as a copy and extending the tax; and upon application for judgment and order of sale it may be shown that the instrument was, in fact, a copy of the original certificate, either by adding a proper certificate of the town clerk thereto or by the testimony of the town clerk to that effect.

3. SAME—*when certificate for additional road tax is sufficient.* A certificate of highway commissioners giving "excessive floods" as the reason for an additional road tax levy is sufficient if such levy is consented to in writing by the board of town auditors and the assessor.

APPEAL from the County Court of Grundy county; the Hon. GEORGE BEDFORD, Judge, presiding.

W. R. HUNTER, and CORNELIUS REARDON, for appellant.

C. F. HANSON, State's Attorney, for appellee.

Per CURIAM : The Kankakee and Seneca Railroad Company filed objections in the county court to the rendition of judgment for $44.66 excess road and bridge tax in the town of Maine, and the objections were overruled. The excess

to which objection is filed was levied by the highway commissioners under section 14 of the Road and Bridge law. The certificate made by the highway commissioners to the board of town auditors and assessor stated that "a greater levy is needed than can be provided for by a rate of sixty cents on each $100 valuation, as provided in section 13 of the Road and Bridge act, in view of the following contingency: excessive floods." The consent of the board of town auditors and assessor was given in writing and followed the language of the certificate. The levy was made for thirty-six cents under section 13 and twenty-five cents under section 14, in pursuance of the foregoing certificate. The objection to this additional levy is that the certificate did not certify the reasons for making the same, as required by section 14, as amended in 1911. We have at the present term of court had occasion to express our views as to the proper construction to be given to section 14 since the last amendment. (*People* v. *DeKalb and Great Western Railroad Co. ante,* p. 290; *People* v. *Cairo, Vincennes and Chicago Railway Co. ante,* p. 286; *People* v. *Wabash Railroad Co. ante,* p. 394.) Under the holding in those cases the certificate of the highway commissioners was sufficient, and the objection to this tax was properly overruled.

An objection was also filed to the town tax levied by the town meeting of the town of Maine. The objection is, that the certificate of the town clerk certifying the action of the town meeting to the county clerk was dated March 28, 1911. There appears to have been some difficulty in determining whether the words "March 28" were intended for March or May. The court inspected the original documents and read it "May 28, 1911," and that is the date shown by the abstract. There is nothing in the record upon which this objection can rest, and it was properly overruled.

After appellant had filed its objections it was discovered that in the certificate of the town clerk the figures

"1912" were used where 1911 was clearly intended. This error was not embraced within the objections as originally filed. Appellant asked leave to amend its objections so as to raise this point. Appellee's counsel stated that he had no objection to the amendment, but if it was allowed he would ask for time to send for the clerk for the purpose of showing that the figures "1912" had been inadvertently inserted instead of "1911," and would ask for leave to correct the same. Appellant's counsel objected to any delay or postponement of the case, and thereupon the court refused to grant leave to amend the objections. We think the action of the court under the circumstances was a proper exercise of its discretion, and appellant's assignment of error questioning the same cannot be sustained.

The highway commissioners of the town of Mazon levied sixty-one cents for road and bridge purposes under sections 13 and 14 of the Road and Bridge law. The sufficiency of the certificate for the additional levy is not questioned but the entire tax for road and bridge purposes is objected to, appellant's portion of which is $333.88, on the ground that the county clerk extended the road and bridge taxes of said town on an insufficient certificate from the town clerk. It is first said that the certificate upon which the tax was extended was the original certificate of the town clerk instead of a copy, as the statute requires. The certificate filed with the county clerk was marked with the word "copy" on the outside and also at the top thereof, but there was no certificate of the clerk attached that it was a true copy. The certificate purported to be a copy on its face and was not void for that reason.

On the hearing appellee asked and obtained leave to attach the certificate of the clerk certifying that the certificate filed with the county clerk was a copy and that the original remained on file in his office. In addition to this, Leroy M. Jewett, town clerk of Mazon township, testified that the certificate filed with the county clerk was a copy

of the original certificate which was on file in his office, and he exhibited the original in his possession while on the witness stand. The testimony of the clerk that the certificate filed with the county clerk was a true copy was objected to and the objection was overruled. This ruling of the court is assigned as error. No reason was stated in the objection why this evidence was incompetent and none is pointed out in appellant's brief. The only possible objection that we can conceive of is that the statute authorizes the town clerk to certify to the copy of the certificate and makes such certified copy evidence, but the statute does not, in terms or by necessary implication, exclude other competent evidence to prove that the instrument is a copy of the original in the town clerk's office. Since the certificate filed with the county clerk purported, on its face, to be a copy and was marked "copy" on the back thereof, we think that the certificate was not absolutely void but was so far in compliance with the law as to justify the county clerk in accepting the same, and that the mere omission of the certificate of the clerk certifying that the instrument was a copy could be supplied by an amendment, on the hearing of the application for judgment, by adding a proper certificate of the clerk thereto, or by any other competent evidence which satisfied the court that the certificate was, in fact, a copy and not the original. This court, in *People v. Cairo, Vincennes and Chicago Railway Co.* 248 Ill. 36, held that any mere error, irregularity or informality of the town clerk in certifying the tax to the county clerk may be corrected by amendment or supplied, and where anything is received by the county clerk from the town clerk which appears to be a copy of the certificate and which the clerk is justified in treating as such, any omission, defect or informality in the act of the town clerk may be corrected, in the discretion of the court, for the purpose of sustaining the tax. Had the clerk made and attached his certificate under the leave given by the court for that

purpose, the certificate would have been in strict compliance with the statute.   It would be a highly technical and artificial rule to hold that the town clerk, who was there present in court, could sit down and write his certificate that a paper was a copy of the original which he had in his possession and such certificate would be received as indisputable evidence of the fact, and yet the clerk could not testify in open court to the same fact.   There was no error in overruling the objection to the testimony of the town clerk.

The judgment of the county court of Grundy county is affirmed. .                                *Judgment affirmed.*