(No. 15690.—Judgment reversed.)

The People *ex rel.* Patrick J. Carr, County Collector, Appellee, *vs.* The Chicago and Northwestern Railway Company, Appellant.

*Opinion filed April 14, 1924.*

1. Taxes—*act of 1923 validating unauthorized town road and bridge tax is invalid.* The act of May 31, 1923, purporting to validate an additional township road and bridge tax levied without the consent of the town auditors properly obtained, is unconstitutional. (*People* v. *Chicago, Milwaukee and St. Paul Railway Co.* 310 Ill. 428, followed.)

2. Same—*act of June 26, 1923, is void in purporting to validate excess city tax.* The act of June 26, 1923, purporting to validate a city tax levy or a levy of city school taxes in excess of the rate authorized by law, is unconstitutional. (*People* v. *Illinois Central Railroad Co.* 310 Ill. 212, followed.)

3. Same—*act of 1923 does not validate school tax not levied in required time.* The validating act of June 27, 1923, does not purport to validate a school tax levy which was not made until after the time required by statute had passed. (*People* v. *Chicago, Burlington and Quincy Railroad Co.* 310 Ill. 495, followed.)

4. Same—*copy of village tax levy ordinance must be filed with county clerk.* The statute requires the filing of a certified copy of the village tax levy ordinance with the county clerk, and the filing of the original ordinance is not a compliance with the law.

5. Same—*when amendment cannot be allowed to show that purported original ordinance is a copy.* Where the village tax ordinance filed with the county clerk contains the original signature of the president and village clerk, and the village clerk testifies that the word "copy" was not written thereon when he sent it to the county clerk, the court cannot allow an amendment to show that the document was a copy and not the original, although the word "copy" appears on the document when introduced in court.

6. Same—*certificate of levy of a village tax is jurisdictional.* The filing with the county clerk of the certificate of the levy of a village tax is jurisdictional.

Appeal from the County Court of Cook county; the Hon. E. M. Mangan, Judge, presiding.

LANDON & HOLT, (ROBERT N. HOLT, of counsel,) for appellant.

ROBERT E. CROWE, State's Attorney, GEORGE E. GORMAN, and WILLIAM H. DUVAL, (HAYDEN N. BELL, and W. W. DEARMOND, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The Chicago and Northwestern Railway Company appealed from the judgment of the county court of Cook county overruling its objections to the application of the county collector for judgment against its property for the taxes for the year 1922, alleged to be due various municipalities and road and bridge districts.

Substantially all the facts are stipulated, and the various objections can readily be classified by groups, each objection in a group involving the same question of law, the situation in each group being the same, in that any validity possessed by the tax objected to depends upon a certain validating act. One of these groups includes the road and bridge taxes for the towns of Barrington, Proviso, New Trier, Northfield and Niles. It was objected that because the highway commissioner levied a tax of sixty cents on the $100 as to one town and sixty-six cents on the $100 as to the other towns, without obtaining the consent of the town auditors, while acting in their official capacity and at their regular meeting on the first Tuesday in September, as to the excess rate,—that is, the amount over the legal limit of fifty cents on the $100,—such taxes are void. A validating act purporting to cover this situation was passed by the legislature May 31, 1923, (Laws of 1923, p. 566,) and it is contended by counsel for appellee that said act has made the taxes in this group valid. This court has held this statute unconstitutional. (*People* v. *Chicago, Milwaukee and St. Paul Railway Co.* 310 Ill. 428; *People* v. *Illinois Central Railroad Co.* 310 id. 212; *People* v. *Chicago*

*and Eastern Illinois Railway Co.* 310 id. 257; *People* v. *Illinois Central Railroad Co.* 311 id. 113.) These decisions must control as to the constitutionality of the act of May 31, 1923, which purports to validate these road and bridge taxes. The road and bridge taxes in question were unauthorized by law and therefore cannot be sustained.

The village taxes in Oak Park, Bellwood, Forest Park, Desplaines, Winnetka, Wilmette and Glencoe, and the city taxes in Evanston and Park Ridge, were objected to because the county clerk extended rates in excess of $1.33⅓ on the $100. The validating act attempting to cure an objection such as this was enacted June 26, 1923, (Laws of 1923, p. 265,) but it was held unconstitutional in *People* v. *Illinois Central Railroad Co.* 310 Ill. 212, and that case must control here.

School taxes for Chicago were objected to for reasons involving the same principle as above mentioned concerning village and city taxes. The question involved is the same, in principle, as was decided in *People* v. *Illinois Central Railroad Co.* 310 Ill. 212. The objection as to these taxes must also be sustained.

Three school district taxes were objected to on the ground that the respective levies were made after the first Tuesday in August, and therefore were not made as required by law. The validating act which it is contended makes these taxes legal does not purport to validate a tax which was never attempted to be levied until after the time required by the statute had passed, and for the reasons stated in *People* v. *Chicago, Burlington and Quincy Railroad Co.* 310 Ill. 495, and *People* v. *Chicago, Milwaukee and St. Paul Railway Co.* 310 id. ·508, it must be held that these taxes, also, were illegally levied.

Objections were made to the village taxes for the village of Tessville. No validating act is involved as to these objections. It is objected that the taxes were not extended from a certified copy of a levy ordinance but from the origi-

nal levy ordinance; that no certified copy of any levy ordinance was on file with the county clerk when the tax was extended. The facts concerning the levy of these taxes appear to be substantially as follows: On the hearing the county clerk produced the document from which he extended the village taxes for Tessville. It was shown that the levy ordinance had attached to it at the bottom the original signature of the president and village clerk, and that this document was in the same form as one in the files of the village hall. The village clerk testified that he sent the document produced in court to the county clerk, and that at the time he sent it there was no certificate attached thereto and the word "copy" did not appear written in ink at the top of the document, as it did appear at the time of the hearing. He testified he never saw the document after he mailed it and did not know how the word "copy" came to be written thereon. The deputy county clerk stated that it was his practice when a document of this kind was brought to his office without the word "copy" written thereon, to inform the person bringing it that said word was necessary to be placed thereon, and that such person would take the document away and bring it back with the word "copy" thereon, and that it would then be accepted by his office. On this state of facts the relator moved for leave to amend the document submitted, by adding thereto a certificate of the village clerk that the same was a copy of the levy ordinance, basing his motion upon the fact that the word "copy" appeared on the levy ordinance as produced.

The statute requires the filing of a certified copy of the village tax levy ordinance with the county clerk. The filing of the original ordinance is not a compliance with the law, and a purported original ordinance cannot be amended by parol. If there is something to indicate or justify the inference that such document is a copy, an amendment may be made on the hearing to make it a complete and proper certificate. *People* v. *Wabash Railroad Co.* 256 Ill. 329.

It is argued by counsel for appellee that the fact that the word "copy" was shown on the ordinance when produced in court was sufficient to justify the amendment and permit the addition of the certificate; that the presumption is that everything required to be done by officials charged with the duty of making the tax levy was done, and that the burden is on the objector to show the invalidity of the tax. Parol evidence could not be received to remedy the alleged defect. (*People* v. *Cincinnati, Indianapolis and Western Railway Co.* 253 Ill. 420; *Chicago and Northwestern Railway Co.* v. *People,* 184 id. 240.) In this case it could not be presumed that the village clerk placed the word "copy" on the document, for he testified that he did not do so, and it was stipulated by the parties that the document appeared in the form testified to by him. The certificate of the levy of the tax is jurisdictional. (*Village of Russellville* v. *Purdy,* 206 Ill. 142.) The statute permitting the correction of defective acts or omissions of officers connected with the assessment and levy of taxes was not intended to permit the creation of a certificate out of a document which had no suggestion of being a copy or a certificate when filed with the county clerk by the village clerk. (*Village of Russellville* v. *Purdy, supra; Chicago and Northwestern Railway Co.* v. *People, supra.*) While it requires clear testimony to overcome the presumption that a public official having connection with the levy and collection of taxes has not properly discharged his duty in levying the same, (*People* v. *Sandberg Co.* 277 Ill. 567,) where, as in this case, no one but the village clerk had authority to make the certificate and it is admitted that he did not make it, and it also appears that the document did not purport to be a copy when filed, the presumption does not prevail. Testimony as to how the word "copy" came to be written on the document was proper to be introduced, but when it was shown that the village clerk did not put it there, it would not make the tax levy valid by showing that

some other person not authorized by law wrote the word "copy." The objections as to these village taxes should have been sustained.

All objections filed in this case should have been sustained, and the judgment of the county court will be reversed.

*Judgment reversed.*

---

(No. 15901.—Reversed and remanded.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM BROWN, Plaintiff in Error.

*Opinion filed April 14, 1924.*