(No. 16524.—Order affirmed.)

THE PEOPLE *ex rel.* James S. Roche, County Collector, Appellant, *vs.* THE CHICAGO AND EASTERN ILLINOIS RAILWAY COMPANY *et al.* Appellees.

*Opinion filed February 17, 1925.*

1. TAXES—*filing original tax levy ordinance does not authorize county clerk to extend tax.* Section 1 of article 8 of the Cities and Villages act provides that a certified copy of the tax levy ordinance be filed with the county clerk, and the filing of an original ordinance by a village clerk does not authorize the county clerk to extend the tax.

2. SAME—*when tax levy ordinance filed with county clerk can not be amended to show that it is a copy.* If a village tax levy ordinance filed with the county clerk contains anything by which it appears to be a copy it may be amended in the county collector's proceeding for delinquent taxes by adding the certificate of the proper officer that it is a copy and not the original, but where there is nothing in the ordinance filed which in any way indicates that it is a copy, evidence to lay a foundation for making such amendment is not admissible.

3. SAME—*what does not indicate that document is a copy and not the original tax levy ordinance.* Where a document filed with the county clerk appears to be an original village tax levy ordi-

nance and contains the genuine signatures of the president of the board of trustees and of the village clerk, with the corporate seal of the village, the facts that it contains no file-mark of the village clerk and that it has been typed through carbon paper do not indicate that the document is a copy, as no file-mark is required by statute to be placed on original ordinances and the use of the carbon paper merely indicates that it is a duplicate, which is not a copy.

APPEAL from the County Court of Alexander county; the Hon. FRED HOOD, Judge, presiding.

DEWEY & CUMMINS, and ASA J. WILBOURN, for appellant.

REED GREEN, L. O. WHITNEL, and JOSIAH WHITNEL, (HOMER T. DICK, of counsel,) for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

This is a tax case. The question involved is whether the tax levy ordinance filed by the village clerk of the village of Thebes, in Alexander county, was a copy of the ordinance or the original. The ordinance filed with the county clerk was typewritten, apparently by the use of carbon paper. It was signed with the genuine signature of the president of the board of trustees and attested with the genuine signature of the village clerk, who had stamped thereon the corporate seal of the village of Thebes. There was also attached to the ordinance filed, the certificate of the clerk that "true and correct copies of the foregoing ordinance" were posted in three public places in the village, giving the places of posting. On this certificate likewise appear the genuine signature of the clerk and the impression of the corporate seal of the village. After the ordinance was introduced in evidence by the objectors appellant sought to introduce evidence as a basis for amending it by a certificate of the village clerk that it was in fact a copy of the ordinance and not the original. Appellees objected to the introduction of this evidence. The court sustained

the objection and held that the ordinance did not show that it was a copy, and that the law requiring the filing of a copy of the levy ordinance had not been complied with and the levy was therefore void.

Section 1 of article 8 of the Cities and Villages act provides that a certified copy of the tax levy ordinance be filed with the county clerk, and it has been many times held by this court that the filing of an original ordinance by the village clerk does not authorize the county clerk to extend the tax. (*People* v. *Chicago and Northwestern Railway Co.* 312 Ill. 58; *People* v. *Chicago, Burlington and Quincy Railroad Co.* 282 id. 206; *People* v. *Wabash Railroad Co.* 256 id. 329; *People* v. *Cincinnati, Indianapolis and Western Railway Co.* 253 id. 420; *People* v. *Illinois Central Railroad Co.* 249 id. 142; *People* v. *Cairo, Vincennes and Chicago Railway Co.* 248 id. 36.) If the document filed contains anything by which it appears to be a copy, it may be amended by adding the certificate of the proper officer that it is a copy. (*People* v. *Patten,* 287 Ill. 392.) Where, however, there is nothing on the paper filed to show whether it is the original or a copy it cannot be so amended. *People* v. *Belleville and Eldorado Railroad Co.* 232 Ill. 454.

Appellant claims that there are facts shown by this document which justified the county clerk in considering it a copy and not the original ordinance; that these are, first, absence of a file-mark on the document filed in the county clerk's office indicating that it had been filed in the office of the village clerk. We have been cited to no provision of the statute, and we are aware of none, requiring that the city or village clerk place a file-mark upon ordinances passed by the city council or board of trustees. The case of *People* v. *Kankakee and Southwestern Railway Co.* 237 Ill. 362, cited by appellant, was one where a town clerk, under the Township Organization law, had made a return of the tax certificate to the county clerk. The Township Organization law required the clerk of the town to file in his office the

certificate of levy referred to in the above case, as is shown by the case cited. (Smith's Stat. 1923, chap. 139, par. 111.) The court there held that absence of the file-mark or notation of the town clerk could be considered evidence that the instrument filed was a copy and not the original. In that case there was also a certificate attached to the levy return stating that it was a copy.

The second feature of the document filed which appellant urges as evidence that the ordinance filed is a copy and not the original is the fact that it shows on its face to have been typed on a typewriter through carbon paper instead of through a ribbon. This does not, of itself, indicate that the document is a copy. It may indicate that it is a duplicate original or an original made through carbon paper without the use of a ribbon. A duplicate is not a copy. *People* v. *Illinois Central Railroad Co. supra; Hayes* v. *Wagner,* 220 Ill. 256; *Gardner* v. *Eberhart,* 82 id. 316; 3 Ency. of Evidence, 539.

The instrument filed has been certified for our inspection. It is admitted that it contains original signatures of the president of the board of trustees and the village clerk and the genuine seal of the village both as to the ordinance and the certificate of posting. There is nothing on the ordinance which in any way indicates that it is a copy and not an original, and there was therefore nothing to amend, and the county court did not err in sustaining the objection of the appellees to evidence offered for the purpose of making such amendment. *People* v. *Illinois Central Railroad Co. supra; People* v. *Cairo, Vincennes and Chicago Railway Co. supra.*

The county court did not err in sustaining objections to this tax, and its order will be affirmed.

*Order affirmed.*