(No. 30559.—

THE PEOPLE *ex rel.* Charles J. Schmulbach, County Collector, Appellee, *vs.* ILLINOIS CENTRAL RAILROAD COMPANY, Appellant.

*Opinion filed May 20, 1948.*

KRAMER, CAMPBELL, COSTELLO & WEICHERT, of East St. Louis, (JOHN W. FREELS, and R. C. BECKETT, both of Chicago, of counsel,) for appellant.

LOUIS P. ZERWECK, State's Attorney, KEVIN KANE, and JOHNSON & JOHNSON, all of Belleville, for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

The Illinois Central Railroad Company filed objections in the county court of St. Clair County to an application of the county collector for a judgment against, and an order for the sale of, its property because of the nonpayment of the town taxes for the year 1945 levied by the town of Lenzburg. These objections were overruled, and the tax-payer appeals.

The objector challenged the validity of the taxes extended by the township of Lenzburg for general town purposes and for poor relief purposes upon the ground that no certificate of the town clerk certifying the amount levied at the annual town meeting held in April, 1945, was filed by him with the county clerk; that the taxes were extended by the county clerk from an uncertified document filed with him purporting to be the original annual tax levy and that this instrument does not comply with the statute. The document captioned "Annual Town Tax Levy" filed with

the county clerk on June 1, 1945, was signed by Henry E. Lehmann and Erwin Groh who designated themselves as "Moderator" and "Clerk of the Meeting," respectively. The original document was offered in evidence and is before us, pursuant to a stipulation of the parties. It consists of a single sheet of letter-size paper typed on both sides. The face of the paper shows typing through carbon paper and contains the portion of the document down to, but not including, the two sentences appearing on the back of the paper, "and it is hereby directed that the aforesaid sum be raised by taxation in the manner provided by law. Approved by the electors of said Town in annual town meeting assembled on the 3rd day of April, 1945, being the first Tuesday in April of said year." The reverse side of the sheet of paper consists of typing through the ribbon of a typewriter and not through carbon paper. The collector made a motion to amend the document by adding a certificate of the town clerk of Lenzburg Township that it is a copy of levy of the town of Lenzburg for 1945. The taxpayer objected to the motion, asserting that the document appeared to be the original levy adopted by the electors at the annual town meeting; that there was nothing to indicate it was a copy and that, even if the certificate were added, it would not comply with the statute which provides that the town clerk certify to the county clerk the amount of taxes required to be raised for all town purposes. These objections were overruled, the motion was granted, and the certificate, signed by Erwin Groh, the town clerk, who also acted as "Clerk of the Meeting," was added. The certification reads, "I hereby certify that the above and foregoing tax levy of the town of Lenzburg is a true and correct copy." The signatures of the "Moderator" and "Clerk of the Meeting" follow the quoted sentences. To the left is the notation "Vote (if ascertained by counting) : Ayes *20* Nays *none*."

The appellant, the Illinois Central Railroad Company,

contends that the trial court erred in allowing the appellee, the collector, to amend the document filed with the county clerk from which the town taxes were extended by adding a certificate of the town clerk that it is a copy. The argument is made that the document appeared on its face to be the original tax levy adopted by the electors at the annual town meeting in April, 1945; that it showed the vote on the adoption thereof, and that it was signed by the "Moderator" and "Clerk of the Meeting" and, on the other hand, was not signed by anyone assuming to be the town clerk. When the document was filed, there was no certificate attached showing it to be a copy nor, according to appellant, anything either on the face or the reverse side to indicate it was a copy. As recounted, no certificate of the town clerk was filed with the county clerk.

Section 4 of article 12 of the Township Organization Act (Ill. Rev. Stat. 1947, chap. 139, par. 114,) prescribes that the town clerk shall, annually, at the time required by law, certify to the county clerk the amount of taxes required to be raised for all town purposes. The authority of the county clerk to extend the town tax is the certificate of the town clerk, and behind the certificate there must be a levy of the tax. Without the certificate, any attempt to extend the town tax is illegal and void. (*People ex rel. Schnipper* v. *Missouri Pacific Railroad Co.* 332 Ill. 53; *Indiana, Decatur and Western Railway Co.* v. *People ex rel. Jones,* 201 Ill. 351; *Peoria, Decatur and Evansville Railway Co.* v. *People ex rel. Isley,* 141 Ill. 483.) Filing by the town clerk with the county clerk of a certified copy of the levy of the town taxes is jurisdictional. (*People ex rel. Dooley* v. *New York, Chicago and St. Louis Railroad Co.* 368 Ill. 536; *People ex rel. Cooley* v. *Woodyard,* 245 Ill. 387.) In the case last cited, objections were interposed to the hard-road tax of the town of Ross, in Edgar County, upon the ground that no valid certificate of levy of the tax had been filed with the county clerk. The

applicable statute imposed the duty upon the commissioners of highways to levy a tax and certify it to the town clerk who, in turn, was directed to certify it to the county clerk for extension on the tax books. The town clerk did not make the certificate required to the county clerk but, instead, filed with the county clerk the original certificate made by the commissioners of highways. The court observed: "This is not a compliance with the statute and does not warrant the extension of the tax. The certificate required to be made by the town clerk under the Hard Roads Act is similar to that required by section 4 of article 12 of the Township Organization Act."

Section 1 of article 16 of the Cities and Villages Act, (Ill. Rev. Stat. 1947, chap. 24, par. -16-1,) corresponding to section 4 of article 12 of the Township Organization Act, provides that a certified copy of the municipal levy ordinance shall be filed with the county clerk who shall extend the tax levied by the ordinance. Under this statute, the certificate of levy of the tax is jurisdictional and, upon the failure of the village clerk to file a certified copy of the levy, the county clerk has no authority to extend the tax. (*People ex rel. Wangelin* v. *Pitcairn,* 371 Ill. 616.) And where it appears that the document upon which the county clerk bases his authority for extending a tax purports, on its face, to be the original tax levy ordinance and not a copy thereof, the levy is void, and cannot be amended to show it to be a certified copy. (*People* v. *New York, Chicago and St. Louis Railroad Co.* 368 Ill. 536.) On the other hand, if the instrument filed with the county clerk appears on its face to be a copy, it may be amended by adding the prescribed certificate. *People ex rel. Stuckart* v. *Patten,* 287 Ill. 392; *People ex rel. Gleghorn* v. *Kankakee and Seneca Railroad Co.* 256 Ill. 419.

Maintaining that the document filed with the county clerk is necessarily a copy, appellee directs our attention to the fact that the face of the single sheet of paper is

obviously a carbon copy of an original document. The two sentences appearing at the top of the reverse side were typed through a ribbon and not through carbon paper. Our examination of the entire instrument impels the conclusion that it is the original document and not a copy. Upon similar facts, in *People ex rel. Roche* v. *Chicago and Eastern Illinois Railway Co.* 315 Ill. 424, this court said, "The second feature of the document filed which appellant urges as evidence that the ordinance filed is a copy and not the original is the fact that it shows on its face to have been typed on a typewriter through carbon paper instead of through a ribbon. This does not, of itself, indicate that the document is a copy. It may indicate that it is a duplicate original or an original made through carbon paper without the use of a ribbon. A duplicate is not a copy." As in the case cited, the instrument filed has been certified for our inspection. Confirming the conclusion that the document filed with the county clerk was the original record of the levy, or a duplicate, presented for adoption at the town meeting is the fact that the number of "Ayes" and "Nays" is written in longhand while the rest of the document is typed, except for the original signatures of the moderator and the clerk of the meeting. Our examination of the document assailed discloses but little, if anything, indicating that it is a copy rather than the original document.

Section 236 of the Revenue Act of 1939 (Ill. Rev. Stat. 1947, chap. 120, par. 717,) does not aid appellee. This section, so far as relevant, provides that, in all judicial proceedings of any kind for the levying and collection of taxes, no error or informality of any officer in making any tax levy or in certifying or filing the levy, not affecting the substantial justice of the levy itself, shall vitiate or in any manner avoid the levy or affect the tax and, where such an error or informality in levy, or its certification, can be corrected by amendment made prior to the entry of any order of court affecting the levy or the col-

lection of taxes thereon, the amendment or certification may be made by the proper officer. Amendments seeking to add matter which is essential for the basis of the levy of the tax cannot be allowed. (*People ex rel. Priesel* v. *New York Central Railroad Co.* 375 Ill. 574; *People* v. *Missouri Pacific Railroad Co.* 332 Ill. 53.) Here, the amendment sought and permitted added the certificate of the town clerk that the document captioned "Annual Town Tax Levy" was a true and correct copy of the tax levy of the town of Lenzburg when it was, in reality, the original document. The failure to file a certified copy was not a mere informality or clerical error, within the contemplation of section 236 of the Revenue Act, but was, instead, a fatally defective omission. It follows that appellee's motion to amend the document should have been overruled. *People* v. *Missouri Pacific Railroad Co.* 332 Ill. 53; *People ex rel. Woods* v. *Cincinnati, Indianapolis and Western Railway Co.* 253 Ill. 420.

The judgment of the county court of St. Clair County is reversed and the cause remanded, with directions to sustain appellant's objections to the taxes levied by the town of Lenzburg.

*Reversed and remanded, with directions.*