THE PEOPLE *ex rel.* George A. Daugherty, County Collector, Appellee, *vs.* THE WABASH RAILROAD COMPANY, Appellant.

*Opinion filed December 17, 1912.*

1. TAXES—*village tax is void if original ordinance is filed with the county clerk.*   The statute requires the filing of a certified copy of the village tax levy ordinance with the county clerk as his authority for extending the tax, and the tax is void if the original ordinance is filed with the county clerk instead of a certified copy.

2. SAME—*when amendment cannot be made at hearing.*   If the document filed with the county clerk as his authority for extending village taxes purports, on its face, to be the original tax levy ordinance, and there is nothing to indicate or from which it may be inferred that it is a copy, there is no authority for allowing an amendment on the hearing to show that it is a certified copy.

APPEAL from the County Court of Moultrie county; the Hon. ISAAC HUDSON, Judge, presiding.

E. J. MILLER, for appellant.

J. K. MARTIN, State's Attorney, and JOHN E. JENNINGS, for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

At the June term, 1912, the county court of Moultrie county rendered judgment against certain property of the appellant, the Wabash Railroad Company, for delinquent

taxes, amounting to $209.50. The railroad company has appealed from that judgment.

The taxes in question were levied by the village of Lovington, in Moultrie county, in 1911. Appellant's objection to the taxes was that no certified copy of any ordinance levying these taxes had been filed with the county clerk of Moultrie county, and that the county clerk therefore had no authority to extend the taxes against appellant's property. The instrument which the county clerk used as a basis for the extension of the taxes in question was filed in his office September 9, 1911. It consisted of a tax levy ordinance, to which was attached the following certificate signed by the village clerk of the village of Lovington, under date of September 9, 1911: "I, Alva L. Wilt, clerk of the village of Lovington, Ill., do hereby certify that the above ordinance, No. 91, was passed by the board of trustees of the village of Lovington, Ill., on the 8th day of September, 1911, approved by the president of said board on the 8th day of September, 1911, at their regular meeting held September 8, 1911."

On the hearing of the objections the court, over appellant's objection, allowed a motion of appellee to amend the certificate of the village clerk, and permitted appellee to file an amended certificate showing that the paper filed with the county clerk was a copy and not the original ordinance. Appellant contends that the instrument filed with the county clerk on September 9, 1911, which that officer used as a basis for extending the village taxes, was void, because it appears therefrom that the original ordinance, and not a certified copy thereof, was so filed, and that the certificate of the village clerk could therefore not be amended to show that a copy of the ordinance, and not the original, was filed with the county clerk. Section 1 of article 8 of the City and Village act provides only for the filing of a certified copy of a tax levy ordinance in the office of the county clerk, and we have held many times

that the filing of the original tax levy ordinance instead of a copy does not authorize the county clerk to extend a valid tax. *Village of Russellville* v. *Purdy,* 206 Ill. 142; *Cincinnati, Indianapolis and Western Railway Co.* v. *People,* 213 id. 558; *People* v. *Kankakee and Southwestern Railroad Co.* 218 id. 588; *People* v. *Cairo, Vincennes and Chicago Railway Co.* 248 id. 36; *People* v. *Cincinnati, Indianapolis and Western Railway Co.* 253 id. 420.

Nothing appeared on the face of the paper filed which indicated that it was a copy and not the original ordinance. On the contrary, the genuine signature of the village president was appended to the instrument, whereas the body of the same and the signature of the village clerk appeared in the handwriting of the village clerk. The certificate of the village clerk attached to the instrument, which recited "that the above ordinance, No. 91," was passed, etc., indicated that the instrument was the original ordinance and not a copy thereof. Nothing appears on the face of the instrument itself, or in the certificate attached thereto, from which it can even be conjectured that the paper filed was a copy, but every indication is that it was the original tax levy ordinance. Had the instrument so filed with the county clerk appeared on its face to be a copy, or. if it was possible to infer from the certificate attached to it at the time it was filed that it was a copy, it would have been proper, on the hearing, to have amended it by adding a complete and proper certificate. It could not thus be amended, however, in the absence of anything appearing upon the face of the ordinance filed with the clerk, or in the certificate attached thereto, showing that it was a copy and not the original ordinance. *People* v. *Cairo, Vincennes and Chicago Railway Co. supra.*

The court erred in permitting the amendment to the certificate, and the objection should have been sustained.

The judgment of the county court is reversed.

*Judgment reversed.*