(No. 11716.—Reversed in part and remanded.)

THE PEOPLE *ex rel.* John H. McCallister, County Collector, Appellee, *vs.* THE CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY, Appellant.

*Opinion filed December 19, 1917—Rehearing denied Feb. 7, 1918.*

1. TAXES—*when court should re-open case to admit evidence to sustain objection.* Upon the hearing by the court, without a jury, of a motion made at the close of all the evidence in a proceeding for judgment for delinquent taxes, to exclude the evidence for the People, the court, on motion of the objector, should re-open the case to allow an appropriation ordinance to be introduced in evidence to sustain an objection to the city tax, where such ordinance was referred to in the levy ordinance, already in evidence, as the authority for such levy ordinance.

2. SAME—*filing original tax levy ordinance does not authorize county clerk to extend tax.* The filing of the original tax levy ordinance instead of the certified copy thereof does not authorize the county clerk to extend a village tax.

3. SAME—*what is proof that taxes were not extended on certified copy of ordinance.* Proof that a paper filed in the county clerk's office, purporting on its face to be the levy ordinance, was the authority under which the taxes were extended, is, in the absence of other evidence, proof that the taxes were not extended on the authority of or pursuant to a certified copy of the ordinance.

4. SAME—*when court may refuse to permit additional objections to be filed.* The court may properly refuse to permit the filing of additional objections to a tax different in character from those already filed, where no showing is made to excuse a delay of about two years from the time the original objections were filed.

5. SAME—*court should admit evidence to sustain valid part of an objection.* While an objection that the certificate of levy does not show that the rate and amount of the road and bridge tax were determined is not good, yet the court should admit evidence to sustain another part of the same objection that such tax is void because the rate to be certified and the amount were not determined in the manner required by statute, as shown by the highway commissioners' records.

6. SAME—*certificate upon which town tax is extended need not specify separate purposes of tax.* The certificate upon which a town tax is extended need not specify the separate purposes and amounts for which the levy is made, as such information is accessible to the tax-payers in the town clerk's office.

7. SAME—*board of auditors cannot make levy for general town purposes.* The board of town auditors has no power to make a levy for general town purposes.

8. SAME—*objection to form of delinquent list is waived when not made in trial court.* An objection that the judgments for delinquent taxes were improper in form, due to the form of the delinquent list, cannot be made in the Supreme Court where the question was not raised in the trial court.

9. SAME—*an objection that electors voted tax "for town purposes" in a lump sum is valid.* An objection to a town tax that the electors voted the tax "for town purposes" in a lump sum is valid, and it is error to refuse to allow evidence to be introduced to sustain the objection.

10. SAME—*when court should permit objection to be amended.* Where an objection to a tax is sufficiently specific to disclose its character and the purport of it the court should permit an amendment to elaborate the objection already made, which does not make it a new and different objection.

APPEAL from the County Court of Hancock county; the Hon. ELI W. DUNHAM, Judge, presiding.

J. A. CONNELL, MACK & MACK, and J. W. WILLIAMS, for appellant.

EARL W. WOOD, State's Attorney, (SCOFIELD, HELFRICH & CALIFF, of counsel,) for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

The questions presented by this record arise on objections filed by the appellant in the county court of Hancock county to the city tax of Dallas City, the village tax of the village of Ferris, the city tax of Carthage, the road and bridge taxes of the townships of Augusta, St. Mary's, Dallas City, Rock Creek, Prairie, Carthage, Bear Creek and St. Albans, and the town taxes of the towns of Augusta, St. Mary's, Rock Creek, Prairie and Bear Creek, all levied against its property for the year 1914. The county court overruled all objections and entered judgments and orders of sale against appellant's property, and this appeal followed.

The objection to the city tax of Dallas City is that all of the taxes levied against appellant's property above $1.34 on the $100, being the sum of $106.40, are illegal because that much in excess of the total rate allowed by law to be assessed for bond tax and for general city purposes; that the levy contained an item for only $452 for bonds and interest and that all the balance of the levy was for general city purposes; that the rate of fourteen cents on the $100 of the equalized value of the property of said city will raise the required amount for bonds and interest, which, added to the $1.20 limit allowed by law for general purposes, makes the total rate authorized $1.34; that the total rate extended was $1.96, making an excess levy of sixty-two cents on the $100 on appellant's property. In support of this objection proof was made of the equalized value of the property of the city and of the total rate levied, amounting to $1.96, and of the equalized value of appellant's property within said city. The levy ordinance was then introduced in evidence, which showed that the total sum of $6608 was levied "for city purposes and for the purpose of paying the interest on the bonded indebtedness of said city accruing and falling due September 1, 1915, and March 1, 1916, and the tax for the last named purpose, when collected, to be designated as the Water-Works Bonds Interest Fund. The taxes so levied and assessed, the total amount of which has been ascertained as aforesaid, is for the current fiscal year and for the purposes for which said appropriations are made, and the amount appropriated for each purpose are specified in detail and contained in ordinance No. 98 of said city," etc. Appellant then offered its evidence on its objections to the village and city taxes of the village of Ferris and the city of Carthage, and on its objections to the town tax of said towns and to the road and bridge taxes of said townships, the hearing on the evidence extending over several days. At the close of all the evidence appellant entered a motion to exclude the evidence

offered by the People and to sustain the objections of appellant. The appropriation ordinance of the city of Dallas City was not offered in evidence in the first instance and no other proof of the amount levied for bonds and interest was made. After or during the argument on the motion of appellant to exclude appellee's evidence and to sustain appellant's objection, a motion was also made by appellant to re-open the case for the purposes of offering further proof in support of the objection to the city tax of Dallas City. The only evidence offered by appellant in pursuance of said last motion was the appropriation ordinance of said city and referred to in the levy ordinance as ordinance No. 98, and which appropriation ordinance showed that only $452 had been appropriated for bonds and interest and that all the remainder of said appropriation was for general city purposes for said city of Dallas City. The court denied appellant's motion to re-open the case and refused to permit it to introduce in evidence the appropriation ordinance. This action of the court is assigned as error.

The appropriation ordinance of Dallas City offered in evidence proved conclusively, in the absence of other evidence, the facts alleged in the objection to the city tax of Dallas City and was competent evidence for appellant, which is not denied by appellee. The contention of appellee is that the evidence was not offered at the proper time, and that for that reason the court did not err in excluding it and in denying appellant's motion. The trial was before the court without a jury. The evidence offered is documentary, and no good reason appears why the court should have refused to re-open the case and admit the appropriation ordinance in evidence. It was a clear oversight in appellant in not introducing this ordinance in evidence, and the ordinance was referred to in the other ordinance introduced in evidence as the authority for the levy ordinance. Under the previous holding of this court in the case of *People* v. *Wiemers,* 225 Ill. 17, we think the court should have re-

opened the case and admitted the evidence and that the court's refusal so to do is reversible error.

The objection filed to the village tax of the village of Ferris is the following: "As to the village tax of the village of Ferris, this tax was extended from a paper filed in the office of the county clerk of said Hancock county pur-porting on its face to be the levy ordinance passed and approved August 3, 1914. No certified copy of any levy ordinance is on file, and for this reason the tax as to the property of this company levied by the village of Ferris to the two amounts for $115.26 and $22.64 is void, the levy of the same is void and objections to the same should be sustained." Proof was made that a certain purported ordinance filed with the county clerk August 13, 1914, is the ordinance or instrument on the authority of which the tax for 1914 was extended for said village. That ordinance or instrument contained the following certificate signed by the president and clerk of said village: "This is to certify that the foregoing ordinance was adopted and passed by the board of trustees of the village of Ferris, Illinois, at the regular meeting of the board held August 3, nineteen hundred fourteen (1914)." The county clerk of said county testified that said instrument or ordinance was the authority or ordinance on which the tax for 1914 was extended for the village of Ferris. Appellant offered said ordinance in evidence upon the making of said proof, and appellee objected to its introduction for the reason that the same is a certified copy of the ordinance and does not purport to be the original. The court refused to admit the ordinance in evidence but placed its refusal on the ground that the ordinance was inadmissible under the objection filed.

This court has many times held that the filing of the original tax levy ordinance instead of the certified copy thereof does not authorize the county clerk to extend the village tax. In the case of *People* v. *Wabash Railroad Co.* 256 Ill. 329, it was held that an ordinance with a certificate

thereto, substantially the same in all respects as the certificate above set forth, is an original levy ordinance and not a certified copy, and that the tax levy made thereon was invalid. The instrument upon the authority of which the tax was extended by the clerk in this case purports to be an original ordinance, and the president and village clerk certify that it is the original ordinance, and therefore it conferred no authority upon the county clerk to extend the village taxes against appellant's property. The first sentence above set forth in appellant's objection contained a sufficient and definite objection to the village taxes, and the second sentence may be regarded as mere surplusage. As that objection would have been proved had appellant's evidence been admitted, it is immaterial that the latter part of the objection stated that no certified copy of any levy ordinance "is on file," instead of stating that no such certified copy was on file at the time the taxes were extended. Proof that the ordinance in question was the authority on which the taxes were extended, in the absence of other evidence, is proof that the taxes were not extended on the authority of or pursuant to the filing of a certified copy of the ordinance, as required by the statute.

The annual appropriation ordinance for the city of Carthage, among other items, contained one which reads as follows: "For the payment of the bonds of said city maturing during the present fiscal year, and all interest on all bonds of the said city issued by the city under ordinances of the city in payment of the indebtedness incurred in and about construction of the water-works system, the erection of the water tower and tank and for the payment of the indebtedness incurred by said city for corporate purposes, the sum of $4500." The substance of appellant's objection to the taxes of the city of Carthage is that the rate extended against its property is at the rate of $2.41 per $100, and that such rate is in excess of the rate allowed by law to the amount of $1.09 on the $100, as the city was only

entitled to levy a rate of $1.20 for general purposes and a rate of twelve cents for library maintenance, making the total legal rate $1.32. Said objection is based upon the further statement by appellant in its objection that the levy and appropriation ordinances did not definitely state what portion of the sum of $4500 mentioned in the appropriation ordinance was appropriated for bonded indebtedness and interest thereon, and that by reason thereof no amount can be legally extended as taxes for bonded indebtedness and interest thereon. If it be conceded that the above language in the appropriation ordinance did not definitely show that the $4500 was appropriated for bonded indebtedness and interest thereon, the appropriation ordinance, which was recited in the levy ordinance, by other language contained therein does definitely and clearly show that the whole $4500 was appropriated for bonded indebtedness and interest thereon. Immediately following said alleged indefinite clause there appear in said appropriation ordinance these two sentences: "Total appropriations exclusive of bonded indebtedness and the interest thereon is the sum of $12,188. The appropriation for bonded indebtedness and interest thereon is the sum of $4500." There is no contention that the total rate of taxation levied and extended against appellant's property is excessive in case the appropriation does show definitely that $4500 was appropriated for bonded indebtedness and interest. The evidence does not sustain appellant's objection to the city tax, and the court properly overruled it.

The objections of appellant to the road and bridge tax of the township of Augusta are stated in this language:

"As to the road and bridge tax of the town of Augusta, the certificate from which this tax is extended is dated September 1, 1914, and simply states that the commissioners have determined the amount necessary to be raised by taxation in said town for the ensuing year for the proper

construction, maintenance and repair of roads and bridges in said town is the sum of ...... dollars.  It does not show 'the amount necessary to be raised' was determined and certified at the regular meeting held on the first Tuesday in September, as provided in section 56 of the revised Road and Bridge law, and that the commissioners held a regular semi-annual meeting between the first Tuesday in August and the first Tuesday in September for the purpose of determining the tax to be certified, as provided by section 50, and no rate is shown to have been determined or certified.  Both these sections of the statute are mandatory and the failure to comply with their provisions invalidates the tax.  Therefore the said road and bridge tax is void for the following reasons:

"First, the certificate does not state the facts sufficient to give the county board jurisdiction in order to the extension of the taxes.

"Second, the highway commissioners did not determine the rate to be certified and amount necessary to be raised at the time and in the manner prescribed by statute, as shown by their record."

The objections in all the other townships, Dallas City, Rock Creek, St. Mary's, St. Albans, Bear Creek, Prairie and Carthage, as to the road and bridge taxes thereof, were made the same as those filed to the road and bridge tax of the town of Augusta, by reference to the objections therein.

Sufficient and competent evidence was offered by appellant to prove that the highway commissioners in each and all of said townships did not hold a meeting between the first Tuesday in August and the first Tuesday in September, 1914, to determine the rate of the road and bridge taxes therein.  The records of the highway commissioners in all of said towns were offered, together with competent evidence to show that said records did not contain any record of such meetings in said townships to determine the rate

of the road and bridge taxes. All the foregoing evidence offered by appellant was objected to by appellee, and the court sustained the objection on the ground that there was no valid objection on file to permit appellant to introduce such proof. Appellant then asked leave to amend its said objections so as to obviate any question as to their sufficiency, but the court overruled the motion and rendered judgment against appellant's property for the road and bridge taxes in all of said townships.

It was not necessary to amend the objections to said taxes, because they were sufficient, as originally made, to admit the evidence offered.

Appellee is correct in the contention that an objection that the certificate of levy does not show that the rate and amount were determined as provided by statute is invalid and immaterial. The statute does not require the certificate of levy to so state and it need not show such facts. (*People* v. *Illinois Central Railroad Co.* 270 Ill. 485; *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 271 id. 553.) But the contention that the objections as filed were limited to the certificate of levy is not tenable. The objections manifestly intended to embody two different objections. The first objection intended was the failure of the certificate to show that the rate or amount of the tax was determined. That objection is covered by that part of the first paragraph of appellant's objections beginning with the first word thereof and ending with the words and figures "as provided by section 50," and also by the language of the second paragraph beginning with the word "First." The second objection is covered by the language of appellant stating his objections and beginning with the words in the first paragraph, "and no rate is shown to have been determined or certified," and also the language in the next sentence there following, and the language in the third paragraph beginning with the word "Second." The second ob-

jection is repeated in the last paragraph of the objections, and, when read with the language of the first paragraph applying to the same objection, that objection is made as definite as it can well be made, and is in the following language when read with all the language that belongs to it: "Therefore the road and bridge tax is void for the following reasons: * * * Second, the highway commissioners did not determine the rate to be certified and the amount necessary to be raised at the time and in the manner prescribed by statute, as shown by their records." When that objection is read with the language in the first paragraph referring to the same objection there will be found no reason to complain that it was not sufficiently definite and specific. The court therefore erred in not admitting the evidence offered by appellant to sustain the second objection, all of which was competent.

The objections to the town taxes of the towns of Augusta and Bear Creek are identical, and they are, that the certificate upon which the tax is extended in each of said towns shows a levy of a gross sum of $750 "for town purposes," which is not a sufficient designation of the purposes for which the taxes are levied and affords the tax-payers no opportunity of knowing whether or not the taxes are required for a lawful town purpose in the amount levied for each purpose separately. The evidence offered by appellant under said objections would have tended to prove that the only town tax voted for town purposes by the electors at the annual town meeting was voted in a lump sum. That evidence was properly excluded by the court as the objections were limited to the certificate upon which the taxes were extended. This court has repeatedly held that such certificate need not specify the separate amounts for which the levy is made. The information to which the tax-payer is entitled is to be found in the town clerk's office and need not be stated in the certificate to the county

clerk.   (*People* v. *Cairo, Vincennes and Chicago Railway Co.* 266 Ill. 557; *People* v. *Atchison, Topeka and Santa Fe Railway Co.* 276 id. 208.)   There was no abuse of the court's discretion in denying appellant the right to file additional objections that were different in character from those already filed, because no showing was made to excuse the delay of almost two years in filing such objections. *People* v. *Huey,* 277 Ill. 561; *People* v. *Adams,* id. 573.·

The objections to the town taxes of the towns of St. Mary's and Rock Creek were sufficiently specific to show that the levy was objected to because the electors had voted the tax "for town purposes" in a lump sum.   The court erred in not permitting appellant to introduce proof in support of its objections, as they are valid.   *Cincinnati, Indianapolis and Western Railway Co.* v. *People,* 213 Ill. 197; *People* v. *Indiana, Illinois and Iowa Railroad Co.* 206 id. 612; *People* v. *Chicago and Alton Railroad Co.* 194 id. 51.

The town tax of the town of Prairie was alleged by appellant in its objection to have been extended from the certificate of the board of town auditors of that town dated September 1, 1914, making a total levy of $350 for town purposes.   It was further alleged that such a levy must be made by the electors at the annual town meeting and certified by the town clerk to the county clerk, and that said tax was not levied in the mode prescribed by the statute and is therefore void.   The court sustained objections of appellee to competent evidence offered to prove that the taxes were extended on the authority of the certificate of the board of town auditors, as alleged, and that the record of the annual town meeting of said town of April 7, 1914, does not show that the amount of the taxes to be levied for town purposes was voted by the electors at said meeting and that the different items contained in said levy were at said meeting voted upon and determined, and that the only thing voted upon by the electors at that meeting was for the election of town officers.   The board of town auditors had no

power to make and certify a levy for general town purposes. (*Cincinnati, Lafayette and Chicago Railway Co.* v. *People,* 206 Ill. 387.) The evidence was excluded because the objection was, not sufficiently specific. The objection was sufficiently specific to disclose its character and the purport of it. Upon the court's statement of the ground of its ruling appellant offered an amendment that obviated the objection, but the court refused to allow the amendment. As the amendment was only an elaboration of the objection already made, and not a new and different objection, it was error to deny the amendment on the hearing, even if it be conceded that the original objection was insufficient. (*Chicago, Madison and Northern Railroad Co.* v. *People,* 207 Ill. 312.) We think the evidence might have been very properly admitted under the original objection, over appellee's protest.

Appellant's contention that the judgments were improper in form as entered by the court for the taxes in the various political subdivisions aforesaid is not tenable. Whatever objections appellant raises in this court that go merely to the form of the delinquent list could have been cured by amendment if the objections had been made in the trial court. By not raising the questions in that court any omissions or imperfections in the record in that regard are waived by appellant.

For the foregoing reasons the judgments of the county court are affirmed as to the city taxes of Carthage and as to the town taxes of the towns of Augusta and Bear Creek and reversed as to the taxes in all the other municipalities, and the cause is remanded for further proceedings in accordance with the views herein expressed.

*Reversed in part and remanded.*