(No. 12430.—Judgment affirmed.)

THE PEOPLE *ex rel.* Henry Stuckart, County Collector, Appellee, *vs.* A. E. PATTEN, Appellant.

*Opinion filed February 20, 1919—Rehearing denied April 3, 1919.*

1. TAXES—*tax for park district cannot be extended upon the original tax levy ordinance.* If the only document from which the county clerk extends a park district tax, and upon which he bases his authority for so doing, purports on its face to be the original tax levy ordinance the levy is void, and an amendment to cure the defects cannot be made at the hearing of objections to the tax.

2. SAME—*levy of park district tax may be amended if extended upon copy of original tax levy ordinance.* If the document filed with the county clerk for the levy of a park district tax contains anything which appears to be a copy of the levy ordinance or which the county clerk is justified in accepting as such, any omission, defect, irregularity or informality in the act of the secretary of the park district in certifying the same as a copy may be obviated by amendment, in the discretion of the court, for the purpose of sustaining the tax.

3. SAME—*what amendment may be made to sustain park district tax.* If the document upon which the county clerk has extended a park district tax is a copy of the original tax levy ordinance, an amendment for the purpose of sustaining the tax may go to the extent of attaching to the papers filed with the clerk a certificate of the proper officer that the document filed and acted upon by the clerk is a true copy of the original levy ordinance.

4. SAME—*when the county clerk may regard original ordinance as surplusage and extend tax on copy.* Where the document filed with the county clerk for the purpose of extending park district taxes is in several parts, including the original tax levy ordinance and a photographic copy of the ordinance, or of a printed copy of the same certified by the publisher to be such a copy, the clerk is authorized to treat the original ordinance as mere surplusage and to extend the tax on the purported copy.

APPEAL from the County Court of Cook county; the Hon. S. N. HOOVER, Judge, presiding.

LANDON & HOLT, (ROBERT N. HOLT, of counsel,) for appellant.

Mr. CHIEF JUSTICE DUNCAN delivered the opinion of the court:

This is an appeal from the county court of Cook county from a judgment entered therein for certain taxes for the North Shore Park District against the lands and property of appellant, A. E. Patten. The single question involved is whether or not the court should have permitted the People to amend the document filed with the county clerk as the basis for extending said tax, which, as contended by appellant, purports on its face to be the original tax levy ordinance and not a certified copy thereof, as required by law.

The record discloses that the document filed with the county clerk is composed of several parts. The first part purports on its face to be the original tax levy ordinance for said park district and is signed by the president and secretary and bears no certificate of the secretary of the board. The next part of the document filed is a photographic copy of a printed copy of an ordinance making appropriations for corporate purposes of said park district for the fiscal year ending May 5, 1918, which is followed by the affidavit of the publisher of the *North Shore News,* a weekly newspaper, in which affidavit he certified that the attached is a copy of the appropriation ordinance. The next part of the document as filed is a photographic copy of a printed copy of an ordinance for a general tax levy for the fiscal year ending May 5, 1918, passed by the commissioners of the park district, which is followed by the certificate of the publisher aforesaid, in which he certified that it is a copy of the general levy ordinance. This copy is an exact copy of the first part of said document, which pur-

ports to be the original levy ordinance of the park district. The only evidence that it is a copy is the fact that the contents thereof are in all respects identical with the first part that purports to be the original and the certificate of the newspaper publisher thereto certifying that it is a copy. The three parts of the document were all fastened together and filed as a single document. The amendment permitted by the court, to which appellant now objects as fatal error, was the addition of a certificate of the secretary of the board of park commissioners to the photographic copy of said levy ordinance just below the publisher's certificate, which certificate is in the following words:

"I, the undersigned, John H. Quirk, do hereby certify that I am the secretary of the board of commissioners of North Shore Park District, and as such officer have in my custody and keeping the original records of the meetings of the board of commissioners of said North Shore Park District, and that the above and foregoing is a true and exact copy of the original ordinance, which was duly passed by the board of commissioners of said North Shore Park District at a regular meeting of said board held on July 18, 1917, and published in the *North Shore News* of issue July 20, 1917, and that the said original ordinance is on file with the records of said North Shore Park District."

Said certificate added as an amendment was signed by the secretary and bears the corporate seal of the district.

The rule is well established that if the document from which the county clerk extended the tax, upon which he based his authority for extending the tax, purports on its face to be the original tax levy ordinance the levy is void and an amendment cannot be made at a hearing on objections to a tax to cure the defect. (*People* v. *Chicago, Burlington and Quincy Railroad Co.* 282 Ill. 206; *People* v. *Cincinnati, Indianapolis and Western Railway Co.* 253 id. 420.) But if the document filed with the county clerk contains anything which appears to be a copy of the levy ordi-

nance or which the county clerk is justified in accepting as such, any omission, defect, irregularity or informality in the act of the secretary of the park district may be obviated by amendment, in the discretion of the court, for the purpose of sustaining the tax. (*People* v. *Cairo, Vincennes and Chicago Railway Co.* 248 Ill. 36.) Such amendment may go to the extent of attaching to the papers filed with the county clerk a certificate of the proper officer that the papers filed by him with the county clerk, or one of them, are a true copy of the original levy ordinance or certificate of levy, or whatever instrument is required in the particular case, on file in his office. (*Toledo, St. Louis and Western Railroad Co.* v. *People,* 225 Ill. 425; *People* v. *Kankakee and Southwestern Railroad Co.* 237 id. 362.) The document filed with the county clerk in this case contained not only an instrument that purported to be the original levy ordinance in question but also a photographic copy of the same or of a printed copy of the original ordinance, and such copy was certified by the publisher to be a copy of such levy ordinance. As there were not two originals of said ordinance, the county clerk was justified in concluding that the third part of the document was a photographic copy of the original ordinance; and such conclusion was also justified by the further fact that it was so certified by the publisher. Under the former decisions of this court he was authorized to treat the original ordinance and the appropriation ordinance as mere surplusage and to regard the third part of the document as a copy of the levy ordinance, which would authorize him to extend the tax.

The trial court properly granted leave to make the amendment, and committed no error in overruling the objection to the tax after such amendment was made.

The judgment of the county court is affirmed. ·

*Judgment affirmed.*