(No. 22830.—

THE PEOPLE *ex rel.* Thomas D. Nash, County Collector, Appellee, *vs.* THE CHICAGO AND NORTHWESTERN RAILWAY COMPANY, Appellant.

*Opinion filed February 21, 1935.*

436

SHAW, J., specially concurring.

ROBERT N. HOLT, for appellant.

THOMAS J. COURTNEY, State's Attorney, and LOUIS H. GEIMAN, (HAYDEN N. BELL, JACOB SHAMBERG, and BRENDAN Q. O'BRIEN, of counsel,) for appellee.

Mr. JUSTICE ORR delivered the opinion of the court:

Objections were filed by the Chicago and Northwestern Railway Company in the county court of Cook county to the 1931 taxes for the town of Elk Grove. The objector alleged that the tax levy was invalid because the certificate was insufficient to authorize the extension of the taxes, and because the levy as made was for more than one purpose without stating separately the amount required under each designation. The objections were overruled and judgment was rendered against the lands of the objector. From that judgment the present appeal was taken.

It is stipulated that the certificate of levy and the record of the town meeting show a levy of "$1700 for rent, fees and salaries for the ensuing year," without further specification. At the hearing the town clerk testified that the rent was two dollars for the town hall, and the fees and salaries were for town officers—clerk, commissioners and supervisor. The town tax objected to, as extended against objector's property, amounted to $37.69.

This court has repeatedly held that under the statute the amounts levied by counties, cities, villages, schools and park districts must be stated separately as to their several

general purposes. But this rule has not been uniformly applied to tax levies of towns. The general extent to which this court has gone in the latter direction has been to hold that it is not sufficient for the records of the town clerk simply to show that the money is to be raised for "town purposes," and that there must be enough in the town clerk's records to show for what purposes the money is authorized to be raised, in order to make it plain that it is for purposes authorized by law. (*People* v. *Chicago and Alton Railroad Co.* 194 Ill. 51; *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *People,* 205 id. 582.) Some confusion has undoubtedly existed with reference to the degree of itemization required in the certification of town taxes, and many of our past decisions are variable and somewhat inconsistent on that subject. The trend, however, is clearly to the effect that the same degree of definiteness is not required in the certificate of levy of town taxes as is required of those for the other political subdivisions above named. A terse review of our former decisions will reveal the distinction mentioned. Thus, in *Wright* v. *People,* 87 Ill. 582, it was said: "We know no requirement of itemization in the resolutions of the town meeting." Likewise it was held in *People* v. *Cairo, Vincennes and Chicago Railway Co.* 237 Ill. 312: "We are not referred to any provision of the law which requires that the amounts of taxes raised for town purposes shall be stated separately." In *People* v. *Cairo, Vincennes and Chicago Railway Co.* 247 Ill. 360, it was stated: "Appellant objected to certain taxes in the town of Stone Fort because the certificate of the town clerk did not show the specific purposes for which each item of taxes was levied. * * * The law does not require the town clerk to state specifically what amount is levied for each purpose." Similarly, in *People* v. *Cairo, Vincennes and Chicago Railway Co.* 266 Ill. 557, we find: "A portion of the town tax of East Eldorado was objected to because the certificate of

the town clerk was for a total sum of $4000, including moneys voted at the annual town meeting and accounts audited by the town auditors. The source of information as to the separate items is to be found by the tax-payer in the town clerk's office and they need not be stated by the town clerk." In *People* v. *Jackson, 272* Ill. 494, on this same question the court said: "The further objection was made to the following items in the town tax of Ross: 'Lighting town hall in Rossville, repair of closets and heating plant at Rossville and Alvin town halls, janitor service at Alvin town hall, repair of buildings and grounds of town hall, $1797.' It is argued that the amount of this levy should have been itemized, designating the amount for each purpose separately. The provisions of the Revenue law requiring a separate statement by the county board of the amount required for each purpose for which taxes are levied does not apply to the town tax. The requirement of section 122 in regard to the levying of town taxes is only that the proper authorities shall certify to the county clerk the amounts that they require to be raised by taxation. The information as to the separate items can be found by the tax-payer in the town clerk's office." In *People* v. *Atchison, Topeka and Santa Fe Railway Co.* 276 Ill. 208, the following levy was held valid: "For the defraying of regular town expenses, printing and publishing ballots and paying the salary of town officers and other necessary expenses, $800." A holding to the same effect is also to be found in *People* v. *Chicago, Burlington and Quincy Railroad Co.* 282 Ill. 206.

The object sought to be accomplished by requiring a separate statement of the purposes for which taxes are levied is to give the tax-payer information and an opportunity, if he desires it, to object to unjust and illegal levies and assessments. Manifestly, the rule for itemization of the general purposes for which taxes are to be levied is of vital importance in counties, cities and districts, where a

relatively small group of elected or appointed officials make out and certify the several amounts required—action without the assistance or knowledge of most of those whom they are serving. But the origin of a township tax levy is in the annual town meeting, which may be attended by all the electors of the township. It is thus the business of the town electors to fix the amount of taxes required for each year, and it is presumed that they are acquainted with the several purposes and amounts entering into the aggregate levy. This may well explain why the same degree of itemization has not been required in the levying of town taxes as in the other political units.

In the construction of statutes relating to the levy and collection of taxes this court has sought to give them a reasonable and common-sense meaning, so as to avoid making it difficult or impossible for taxes to be legally levied and collected. (*People* v. *Bowman,* 253 Ill. 234.) It will be presumed, in the absence of evidence to the contrary, that the levy was made for existing valid purposes. (*People* v. *Alton Railroad Co.* 352 Ill. 297.) In the present case the public character of the purposes for which the levy was made is not questioned, nor is it doubted that a town may legally levy taxes for such necessary purposes as rent, fees and salaries. The law does not require that in the levying of town taxes the amounts required to be raised by taxation shall be separately stated so long as it appears that the general purposes are specified and are within the legal bounds of the town's taxing power. The tax levy complained of in this appeal sufficiently complied with the law and was properly sustained in the county court.

The judgment is affirmed.

*Judgment affirmed.*

Mr. Justice Shaw, specially concurring: I agree with the result reached in this opinion but not with all that is said therein.