(No. 24550.

The People *ex rel.* L. E. Wilson, County Collector, Appellee, *vs.* The Wabash Railway Company *et al.* Appellants.

*Opinion filed April 20, 1938.*

498

J. E. Hogan, for appellants.

John W. Coale, State's Attorney, for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

The county court of Christian county overruled objections of the Wabash Railway Company to certain taxes levied against its property in the year 1935 and entered judgment and order of sale. The objector appeals.

The levies so objected to are: $4500 for salary of the State's attorney; $4000 for interest on county tax anticipation warrants; $8860.20 for outstanding orders with the county clerk; certain items in the levy of the village of Palmer and the levies of certain school districts, hereinafter mentioned.

By section 4 of the Fees and Salaries act (Ill. Rev. Stat. 1937, chap. 53, par. 19) the salary of the State's attorney is required to be paid out of the fees, fines, forfeitures and penalties collected by him and paid into the county treasury to the extent the fund will reach. Any balance above that amount is to be raised by general taxation. The county board has no authority to levy the full amount of the salary of the State's attorney. It may levy only the amount of the estimated deficiency in the collections of the State's attorney's office. *People* v. *Hines,* 290 Ill. 519; *People* v. *Chicago Great Western Railroad Co.* 279 id. 176; *People* v. *Jackson,* 272 id. 494.

The State's attorney of Christian county receives $400 of his salary from the State treasury. The county budget for the fiscal year shows an item of $500 fees expected to be received from the State's attorney, aggregating $900 anticipated from sources outside the levy. It is to be remembered that the board, in calculating the amount of the deficiency necessary to be levied, had the right to take into consideration the probable loss and cost in collection, the delay in collecting the full amount levied, as hereinafter mentioned, and interest on any anticipation warrants which might be issued to provide for payment of the salary. A sum equal to such amounts could be included in the levy. The presumption is that the taxing officials properly dis-

charged their duties and that the tax is just. The burden of overcoming this presumption rests upon the objector, and it may be overcome only by clear and explicit testimony. (*Gates* v. *Sweitzer*, 347 Ill. 353; *People* v. *Hassler*, 262 id. 133.) There is no showing here that the board did not take the proper elements into consideration in determining the amount of the levy, or that their estimate of the deficiency was grossly excessive. The mere circumstance that, in estimating in advance the amount that may be necessary for any purpose, a larger amount is levied than that actually required affords a taxpayer no right to refuse to pay his taxes unless the amount levied is so grossly excessive as to show a fraudulent purpose. Courts will not interfere with the decision of taxing bodies on the question of the amount to be levied where it does not clearly appear that they have abused the discretion vested in them. (*People* v. *Illinois Central Railroad Co.* 366 Ill. 408; *People* v. *Sandberg Co.* 277 id. 567.) If the particular levy was more than actually needed the amount of the excess was necessarily so small that the maxim "*De minimis non curat praetor*" applies. The trial court did not err in overruling the objection to this item.

The budget and the levy for the fiscal year 1936 each contain an item of $4000 for interest on anticipation tax warrants. While a detailed estimate of all receipts and expenditures is required to be contained in the budget, the statute nowhere authorizes a separate levy to pay interest on tax anticipation warrants. We have repeatedly held that such warrants may be issued only against taxes already levied, and the statute in mandatory terms requires that they shall show upon their face that they are payable solely from such taxes when collected and not otherwise. Such warrants do not constitute an obligation of the taxing body issuing them, but the holder must look solely to the specific fund set apart for their payment. When the warrants are issued and sold or accepted the transaction is closed on

the part of the taxing body, leaving no future obligation upon it, either absolute or contingent. (*Berman* v. *Board of Education of the City of Chicago*, 360 Ill. 535; *People* v. *Nelson*, 344 id. 46.) Upon the negotiation of tax anticipation warrants they become a lien upon the taxes to be collected from the respective levies, and an appropriation, *pro tanto*, of such taxes, when collected, to the extent necessary to discharge the amount of the warrants. (*People* v. *Hamilton*, 366 Ill. 455; *Fuller* v. *Heath*, 89 id. 296.) The manifest purpose of the statute limiting the amount of the warrants that may be issued to a certain percentage of the levy is to provide for the payment of interest thereon out of the remainder, and neither the principal nor interest can be lawfully paid otherwise than from such respective funds when collected. The purpose of requiring detailed estimates of all receipts and expenditures in the budget is to enable the county board to make the levy for each fund large enough to cover the interest on any part of the fund which it may become necessary to anticipate. It follows that the creation of another fund with which to pay such interest results in double taxation, because the interest has already been provided for in the levy for the fund out of which it is solely payable.

In *People* v. *Otis*, 367 Ill. 136, the itemized calculations of estimated receipts and expenditures in the appropriation bill were carried *verbatim* into the levy. Among the appropriations were items for interest on tax anticipation warrants. There was also included an appropriation from sources other than the levy, more than sufficient to pay the tax anticipation warrants. The amount of the levy was the difference between the total of the estimated expenditures for all purposes and the amount appropriated from sources other than the tax levy. We upheld the levy, but the ruling in that case has no application here. The trial court erred in overruling the objection to the levy for interest on tax anticipation warrants.

The item "Outstanding orders with county clerk" manifestly refers to unpaid warrants drawn for claims approved by the board. It is not subject to the criticism that it is indefinite and uncertain. In *People* v. *Wabash Railway Co.* 360 Ill. 173, and *People* v. *Toledo, St. Louis and Western Railroad Co.* 231 id. 498, we condemned levies "for payment of outstanding indebtedness at close of fiscal year," and "unpaid claims," as indefinite and not limited to claims allowed for which orders had been drawn, but included any claims that might be presented. Those holdings are not applicable here. The objection to this item was properly overruled.

The items of the levy of the village of Palmer objected to are: "street lighting fund $1000; sidewalk fund $400; board of health $100; park fund $400; salary fund $600; cemetery fund $400; contingent fund $100; street and alley fund $1500." The taxpayer's right to have separately stated the purposes for which public money is appropriated or expended is a substantial right of which he may not be deprived. Where it cannot be determined what purposes are embraced in a fund levied, we have held that it falls within the condemnation of uncertain, vague and indefinite levies. (*People* v. *Chicago and Eastern Illinois Railway Co.* 361 Ill. 470; *People* v. *Cairo, Vincennes and Chicago Railway Co.* 243 id. 217.) On the other hand, if an item in a levy is sufficiently specific to advise the taxpayer of a single general purpose for which the money is to be expended it is valid. *People* v. *Ford,* 289 Ill. 550.; *People* v. *Eastern Illinois and Missouri Railroad Co.* 335 id. 245.

Levies for "street and alley fund $200," "election fund $40," and "light fund $630" of the village of Rose Hill were upheld in *People* v. *Illinois Central Railroad Co. supra.* In that case we pointed out that those items are such as would ordinarily be found in a village ordinance and that the word "fund" is readily understood and does not necessarily make the items vague and indefinite. The same may be said of the street lighting fund, sidewalk fund, salary

fund, and street and alley fund in this case. The objections to these items were properly overruled. The levy of $100 for contingent expenses is a very small proportion of the total amount levied and is not subject to objection. *People v. Fenton and Thomson Railroad Co.* 252 Ill. 372; *People v. Chicago, Burlington and Quincy Railroad Co.* 253 id. 100.

The item for "board of health $100" is, in effect, a levy for a department of the municipal government. Such levies are void. (*People v. Chicago and Eastern Illinois Railway Co. supra; People v. Chicago, Milwaukee, St. Paul and Pacific Railroad Co.* 359 Ill. 351; *Siegel v. City of Belleville,* 349 id. 240.) From the levies for "park fund" and "cemetery fund" it cannot be determined whether the fund in either case is to be used for buying land for a park or a cemetery, or for improvements, salaries or other expenses. They are so uncertain as to be void. *People v. Bowman,* 253 Ill. 234; *People v. Cairo, Vincennes and Chicago Railway Co. supra.*

The levies and financial status of the respective school districts for the year 1935-36, where it is claimed there was no necessity for a levy are shown by the following table compiled from the abstract:

| Dist. No. | Average annual cost of operation | Levy for 1935 | Total resources available for the year | Total estimated expenses for the year |
|---|---|---|---|---|
| 61 | $ 682.94 | $ 785.00 | $ 1667.95 | $ 1184.17 |
| 77 | 821.11 | 900.00 | 1607.59 | 1252.56 |
| 103 | 1061.66 | 1000.00 | 1919.43 | 1147.00 |
| 111 | 1122.59 | 400.00 | 2433.41 | 1025.00 |
| 163 | 10761.13 | 3500.00 | 23659.94 | 11644.60 |
| 174 | 732.80 | 500.00 | 1704.41 | 823.55 |
| 175 | 5889.94 | 3500.00 | 13271.93 | 4457.63 |
| 176 | 859.21 | 950.00 | 5411.22 | 5200.00 |
| 201 | 773.95 | 200.00 | 1414.42 | |
| 202 | 777.97 | 600.00 | 1989.14 | 987.00 |

The average annual cost of operation covers the three prior years. The column of total resources available includes cash on hand June 30, 1935, taxes of 1934 collected after the levy was made, and receipts from the State tax distributive fund during the same period. The column of total estimated expenses includes an estimate for unusual expenses in the same amounts paid for the prior year from the building fund, and the budget estimates of expenses to be made from the educational fund. The abstract does not show these two items for district No. 201. In district No. 176 the testimony shows $4000 in the building fund had already been expended, leaving $1200 as the estimate for expenses in 1935-36.

It is a well-known fact that for several years past the widespread financial depression has delayed tax collections for long periods so that a large part of the levies of any current year are not available within the time contemplated by the statute. It is the duty of taxing bodies to maintain sufficient money in the treasury to meet their obligations as they become due, and they need not wait until the money is actually needed before levying a tax. Any unnecessary accumulation of money in the public treasury cannot be justified, because it deprives the people of the use of their money and may encourage extravagant or improper expenditures. But public authorities have the right and duty to use sound business judgment in estimating the amount of taxes required to be levied in each year to meet the necessary expenses as they mature. (*People* v. *Illinois Central Railroad Co. supra; People* v. *Sandberg Co. supra.*) We upheld analogous levies in the *Illinois Central Railroad case.* An abuse of the discretion vested in the several school districts is not clearly shown and the objections to the tax in those districts were properly overruled.

The judgment of the county court is affirmed as to all items objected to except the levy for interest on tax antici-

pation warrants and the items for board of health, park fund and cemetery fund in the levy of the village of Palmer. As to these items the judgment is reversed and the cause remanded, with directions to sustain the objections thereto.

*Affirmed in part, reversed in part and remanded, with directions.*