(No. 25168.— )

THE PEOPLE *ex rel.* Richard S. Wangelin, County Collector, Appellant, *vs.* NORMAN B. PITCAIRN *et al.* Receivers, Appellees.

*Opinion filed June 19, 1939.*

LOUIS P. ZERWECK, State's Attorney, (H. GRADY VIEN, FRANK M. SUMMERS, and KEVIN KANE, of counsel,) for appellant.

KRAMER, CAMPBELL, COSTELLO & WIECHERT, (N. S. BROWN, L. H. STRASSER, and POPE & DRIEMEYER, of counsel,) for appellees.

Mr. CHIEF JUSTICE WILSON delivered the opinion of the court:

Norman B. Pitcairn and Frank C. Nicodemus, Jr., receivers of the Wabash Railway Company, and the company filed objections in the county court of St. Clair county to an application of the county collector for a judgment against and an order for the sale of their property because of the non-payment of certain taxes for the year 1937 levied by the village of Brooklyn and the East Side Levee and Sanitary District. These objections were sustained, and the collector appeals.

The objectors challenged the validity of the taxes extended by the village of Brooklyn for general corporate purposes and for recreation purposes on the ground that no certified copy of any ordinance levying taxes for these purwas filed with the county clerk. Upon the hearing the collector sought to prove by the village clerk that an instrument filed with the county clerk on August 7, 1937, signed by the president of the village board, attested by the clerk, and impressed with the village seal was an "original copy" of the tax levy ordinance of August 4, 1937, and to amend the document by affixing a proper certification. The court refused to permit the amendment to be made.

Section 1 of article 8 of the Cities and Villages act (Ill. Rev. Stat. 1937, chap. 24, par. 123, p. 368) prescribes that a certified copy of the village tax levy ordinance shall be filed with the county clerk, who shall extend the tax levied by the ordinance. The certificate of levy of the tax, it is settled, is jurisdictional, and upon the failure of the village clerk to file a certified copy of the levy, the county clerk has no authority to extend the tax. (*People* v. *New York, Chicago and St. Louis Railroad Co.* 368 Ill. 536; *Village of Russellville* v. *Purdy*, 206 id. 142.) Filing of an original tax levy ordinance by a village clerk cannot be substituted. (*People* v. *Chicago and Northwestern Railway Co.* 312 Ill. 58; *Village of Russellville* v. *Purdy, supra.*) If the document from which the county clerk bases his authority for extending a tax purports, on its face, to be the original tax levy ordinance and not a copy thereof the levy is void, and cannot be amended to show it to be a certified copy. (*People* v. *Wabash Railroad Co.* 256 Ill. 329; *People* v. *Cincinnati, Indianapolis and Western Railway Co.* 253 id. 420.) Conversely, if the instrument filed with the county clerk appears on its face to be a copy, it may be amended upon the hearing by adding the requisite certificate. (*People* v. *Patten*, 287 Ill. 392; *People* v. *Kankakee and Seneca Railroad Co.* 256 id. 419; *People* v. *Cairo, Vincennes and Chicago*

*Railway Co.* 248 id. 36.) If, as here, the paper filed does not appear to be a copy and could not have been so regarded by the county clerk there is nothing which can be amended. *People* v. *Chicago and Eastern Illinois Railway Co.* 315 Ill. 424; *People* v. *Wabash Railroad Co. supra; People* v. *Cairo, Vincennes and Chicago Railway Co. supra.*

Although no copy of any tax levy ordinance for the contested taxes was filed with the county clerk the collector, nevertheless, has recourse to "An act. to validate the tax levy of certain cities," (Ill. Rev. Stat. 1937, chap. 24, par. 697, (n), p. 520,) approved May 21, 1937. This statute applies to cases "where the city council of any city having a population of less than one hundred fifty thousand inhabitants has heretofore within the time required by law passed * * * a tax levy ordinance, * * * and a copy of said tax levy ordinance was filed by the city clerk with the county clerk within the time permitted by law," etc. The object of a curative act is not to change the law governing future action but to waive some requirement of the law with respect to past action. (*People* v. *Chicago, Burlington and Quincy Railroad Co.* 305 Ill. 567; *People* v. *Kinsey,* 294 id. 530.) Manifestly, the curative act of May 21, 1937, affords no basis for permitting the amendment of the instrument filed with the county clerk on August 7, 1937. The objections to the village of Brooklyn taxes were properly sustained.

The trustees of the East Side Levee and Sanitary District levied $339,345 for general corporate purposes for the year 1937. Objections interposed to the item in the tax levy ordinance "for drainage ways—work supported by government aid, $125,000" charge that the item is indefinite, vague and uncertain, and levies a tax for more than one purpose without designating the amount levied for each purpose separately. Section 17 of "An act to create sanitary districts in certain localities, to drain and protect the same from overflow for sanitary purposes and to provide

sewage disposal" (Ill. Rev. Stat. 1937, chap. 42, par. 263, p. 1296) under which the East Side Levee and Sanitary District was organized, provides, in part: "The board of trustees shall have power to levy and collect taxes for corporate purposes. Such taxes shall be levied by ordinance specifying the purposes for which the same are required." The object of the provision requiring a separate statement of the purposes for which taxes are levied is to give the taxpayer information and also an opportunity, if he desires it, to object to unjust and illegal levies and assessments. (*People* v. *Chicago and Northwestern Railway Co.* 359 Ill. 435.) The taxpayer's right to have separately stated the purposes for which a tax is levied is a substantial right, of which he cannot be deprived under the guise of possible needs of the municipality. (*Siegel* v. *City of Belleville,* 349 Ill. 240; *People* v. *Missouri Pacific Railroad Co.* 332 id. 53.) The challenged item gives the taxpayer no information as to whether the levy is to construct new drainage ways, to acquire right-of-way therefor, to widen or deepen existing canals, to maintain existing drainage ways, or to accomplish some other purpose. We find it difficult to perceive how the purpose of a levy could be clouded in greater obscurity or how less information could be given the taxpayer for ascertaining the necessity of the tax. Conceding, as the collector insists, that a single general purpose is sufficient to include every appropriate expenditure although there may be many items (*People* v. *Schiek,* 368 Ill. 353; *Siegel* v. *City of Belleville, supra;*) the concession cannot avail him. The vice of the item in controversy is its failure to even specify one general purpose with sufficient certainty to disclose to the taxpayer the purpose for which the money is to be expended. The item assailed fails to comply with the requirement of section 17 of the applicable statute and it is, therefore, void.

Our attention is directed to a previous item of the same tax levy ordinance "for maintenance of drainage ways,

$75,000," which, it is contended, illumines the item of $125,000 "for drainage ways—work supported by government aid." According to the collector the former states a general purpose, namely, maintenance of drainage ways of the district, and the argument is advanced that the item objected to distinguishes the work proposed to be done from the previous item, indicating with reasonable clarity that the larger sum is to be spent only upon those drainage ways where work is to be done by means of government aid or assistance. The words "work supported by government aid" are purely descriptive and fail to specify the purpose of the levy with any degree of particularity. The mandate of the statute is not satisfied even if the item specifies the single purpose of work on drainage ways of the district, or, more particularly, upon those drainage ways where the expense incident to the work is to be partially met by Federal funds. Specification in minute detail of the nature and location of the work to be done, or of the method of accomplishing it, was, of course, unnecessary. No source of enlightenment, however, is given or even suggested to the taxpayer. The item is uncertain, vague and indefinite in the extreme.

We have recently held that levies for "park fund" and "cemetery fund" fall within the condemnation of uncertain levies, as it cannot be determined whether the fund in either case is to be used for buying land, for improvements, for salaries, or other expenses. (*People* v. *Wabash Railway Co.* 368 Ill. 497.) Similarly, in the present case it cannot be ascertained from the levy "for drainage ways—work supported by government aid" whether the fund is to be used for purchasing land for new drainage canals, for improvements to existing drainage ways, for salaries, or other expenses.

The judgment of the county court is affirmed.

*Judgment affirmed.*