1012

*In re* APPLICATION OF COUNTY COLLECTOR OF COOK COUNTY FOR JUDGMENT AND ORDER OF SALE AGAINST CERTAIN REAL ESTATE—(THE PEOPLE *ex rel.* BERNARD J. KORZEN, County Treasurer and *ex officio* County Collector, Relator-Appellee, *v.* W. E. BREWSTER, Objector-Appellant.)

(No. 57732;

First District (4th Division)—October 10, 1973.

Price, Cushman, Keck & Mahin and Holt & Kearney, both of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, Neil T. Hartigan, of Chicago Park District, and Kirkland & Ellis, all of Chicago, (Robert Sarnoff, Assistant State's Attorney, and Thomas M. Thomas and Thomas F. Scully, of counsel,) for appellee.

Mr. PRESIDING JUSTICE BURMAN delivered the opinion of the court:

Appellant, W. E. Brewster, as a taxpayer, filed objections to the 1969 tax rate levied pursuant to the annual appropriation ordinance adopted by the Chicago park district. After considering the stipulation of facts entered into by the parties and the briefs and argument of counsel, an order was entered overruling the objections from which Brewster appeals.

The sole issue on appeal is whether the Chicago park district appropriation for "Custodial Care—Chicago Board of Education School Facilities," item 522 in the 1969 appropriation ordinance in the amount of $816,000, is vague, indefinite, and insufficiently itemized.

The challenged appropriation is described in the ordinance as follows:

"DEPARTMENT OF RECREATION

Responsible for programing and activating all recreational activities throughout the Park District, requiring consultation and cooperation with other community agencies when planning, developing, and directing recreation programs; supervision of technical staff in organizing and administering such programs; supervision and operation of beaches and swimming pools, together with such other related duties as provided in the Code or directed by the Board of Commissioners.

Code          EXPENSE  CLASSIFICATIONS          Amount
*  *  *                                         Appropriated

500—Contractual Services
      *  *  *

    522—Custodial Care—Chicago Board of Education School
          Facilities

                                              $816,000"

The taxpayer's objection to this appropriation is that it is vague, indefinite, unintelligible, and does not state its object or purpose as required by the applicable statute and therefore is invalid. The trial court overruled the taxpayer's objection upon the ground that the object and purpose of the appropriation are plain upon its face and we find that the record supports this conclusion. The appropriation is not subject to the criticism that it is indefinite and uncertain.

The statutory requirements for the 1969 Chicago park district budget were set forth in section 17 of the Chicago Park District Act (Ill. Rev. Stat. 1967, ch. 105, par. 333.17), the pertinent part of which is as follows:

> "The statement of proposed expenditures shall show separately the amounts for ordinary recurring expenses, for extraordinary expenditures, for debt service, and for capital outlays, and shall be accompanied by detailed estimates of expenditure requirements setting forth the objects of expenditure such as personal service, contractual services, supplies and materials, and the like, and showing such further classification, by character, object, or purpose as may be required by the system of expenditure accounts adopted by the commission."

■■ We agree with appellant that a taxpayer has a right to have the purpose of an appropriation stated in a sufficiently clear and intelligible manner, so that he can understand, from reading it, what it is for, and so that he may have a basis for determining its propriety. The appropriation ordinance of any taxing body must comply with the terms of the applicable statute and must be neither unduly vague nor insufficiently itemized. (*People ex rel. McWard v. Wabash Ry.*, 395 Ill. 243, 70 N.E.2d 36; *People ex rel. Wangelin v. Pitcairn*, 371 Ill. 616, 21 N.E.2d 753.) With regard to the degree of itemization required, the supreme court in *People ex rel. Wilson v. Wabash Ry.*, 368 Ill. 497, 14 N.E.2d 650, cited by appellant, stated at page 502, 14 N.E.2d at 653, that

> "* * * [t]he taxpayer's right to have separately stated the purposes for which public money is appropriated or expended is a substantial right of which he may not be deprived. Where it cannot be determined what purposes are embraced in a fund levied, we have held that it falls within the condemnation of uncertain, vague and indefinite levies."

However, the Court went on to say:

> "On the other hand, if an item in a levy is sufficiently specific to advise the taxpayer of a single general purpose for which the money is to be expended, it is valid." 368 Ill. at 502, 14 N.E.2d at 653.

The initial question then is whether or not the appropriation in question

here denotes a "single general purpose," and although the cases contain no definitive guidelines, it seems clear to us that it does. In the *Wabash* case quoted from above the court held invalid omnipurpose appropriations for "board of health," as a levy for a department of government, and for "park fund" and "cemetery fund," since it could not be determined whether the fund in either case was to be used for purchasing land, for improvements, for salaries, or for other expenses. (368 Ill. at 503, 14 N.E.2d at 653.) In the same case however, the court sustained the validity of appropriations for "street lighting fund," "sidewalk fund," "salary fund," and "street and alley fund" since the word "fund" in these contexts is readily understood. (368 Ill. at 502-03, 14 N.E.2d at 653.) An appropriation for "Custodial Care" relating to certain facilities in the case at bar is considerably more specifically itemized than any of these foregoing appropriations.

■■ The appellant most strenuously seeks to demonstrate that the appropriation is nevertheless vague and unintelligible. He stresses that it might conceivably mean either custodial care *in* school facilities, thus perhaps referring to supervisory care of children, a kind of day care operation, or custodial care *of* school facilities, in which case several alternative meanings are possible—depending upon what meaning is attributed to "school facilities." We are not so persuaded. It is well settled that itemization requirements of a taxing statute must be accorded a practical and common-sense construction. (*People ex rel. Toman v. Belmont Radio Corp.*, 388 Ill. 11, 57 N.E.2d 479; *People ex rel. Toman v. Estate of Otis*, 376 Ill. 112, 33 N.E.2d 202.) And courts will not adopt strained constructions in order to invalidate a tax, the burden resting with the objector to show its invalidity. (*People ex rel. Frick v. Chicago & E. I. Ry. Co.*, 361 Ill. 470, 475, 198 N.E. 212, 214.) Here the park district appropriation for "Custodial Care—Chicago Board of Education School Facilities" appears under the general subheading "DEPARTMENT OF RECREATION," followed by a brief description of the department's function as including responsibility "for programing and activating all recreational activities throughout the Park District, requiring consultation and cooperation with other community agencies when planning, developing, and directing recreation programs ＊ ＊ ＊." A further subheading refers to the appropriation as arising from contractual services. A practical and common-sense construction, rather than a strained one, would indicate to the taxpayer that the appropriation relates to custodial care of Chicago board of education facilities used under a contractual agreement for Chicago park district recreational activities. The taxpayer is entitled to no more. The fact that the park district is authorized to lease real property from other municipal

corporations for park purposes (Ill. Rev. Stat. 1967, ch. 105, par. 333.15) and that the provision of recreational activities is a proper park purpose (*Furlong v. South Park Comm'rs,* 320 Ill. 507, 511, 151 N.E. 510, 511) establishes the legality of the appropriation.

The appellant further contends that there is no clue *why* the park district should appropriate money for custodial care of Board of Education facilities. The fact that the appropriation does not specifically refer to the existence of the leasing agreements from which the expenditure arose does not render it invalid. Faced with an analogous situation in *Continental Ill. National Bank and Trust Co. v. Village of Park Forest,* 4 Ill.App.3d 811, 282 N.E.2d 167, the Appellate Court for the Third District, in upholding the validity of a municipality's appropriation for "Construction of Sanitary Sewers (Contract)—$400,000.00," stated at page 820, 282 N.E.2d at 174:

> "Appropriation ordinances cannot be required to minutely particularize expenditures, such as, in the case before us, by specifying the routes of a proposed sewer facility. It is enough that the appropriation ordinance advises the taxpayer of the type of expenditure which will be made, so that he may make further specific inquiry with regard thereto should he so desire."

Thus a reasonable reading of the Park District appropriation in light of the more general heading and subheadings gives sufficient notice to the taxpayer of the type of expenditure, and provides him sufficient information to inquire as to its validity.

Appellant cites the case of *People ex rel. Schlaeger v. Bunge Bros. Coal Co.,* 392 Ill. 153, 64 N.E.2d 365, for the proposition that the word "facilities" in the context of the park district appropriation is vague. In *Bunge,* the supreme court sustained an objection to a city of Chicago appropriation for: "City contribution to W.P.A. project in connection with construction of Terminal building and facilities." The court said at page 165, 64 N.E.2d at 371:

> "In the case before us, the appropriation was of funds to be contributed in connection with the construction of a terminal building and facilities. The term 'facilities' is vague and indefinite. It does not apprise the taxpayer how much of the appropriation is for the building and how much is for facilities. Nor is there anything stated in the appropriation as to what shall constitute facilities."

In *Bunge* then there was no means for distinguishing "building" from "facilities",—how to determine where one ended and the other began. We do not feel that the case stands for the bald proposition that the mere use of the word "facilities" renders a tax appropriation void and

vague. It is admitted that "[t]he word 'facilities' is not a technical word but one in common use, and its meaning is to be found in the sense attached to it by approved usage." (392 Ill. at 164, 64 N.E.2d at 370.) But here the meaning, as explained by the word "school" and "custodial care," is made sufficiently clear if the appropriation is read in a common-sense way. As we have noted, the ambiguity of the word "fund" in a tax appropriation depends on the context in which it is found. (*People ex rel. Wilson v. Wabash Ry.*, 368 Ill. 497, 502-03, 14 N.E.2d 650, 653.)

Appellant also relies on *People ex rel. Wangelin v. Pitcairn*, 371 Ill. 616, 21 N.E.2d 753, where the court held invalid an appropriation "for drainage ways—work supported by government aid, $125,000" as being "uncertain, vague and indefinite in the extreme," it being unclear whether the fund was to be used for acquisition, improvements, salaries, or other expenses. (371 Ill. at 621, 21 N.E.2d at 756.) This case does not support appellant's contention here where a single general purpose is clearly described. In *People ex rel. Hempen v. Baltimore & Ohio R.R. Co.*, 379 Ill. 543, 42 N.E.2d 69, also cited by the appellant, the court invalidated a road and bridge tax levy for "buildings." The court stated at page 550, 42 N.E.2d at 74:

> "We think this item is too indefinite, as it is not apparent that this comes within any of the designated road and bridge purposes."

This decision is likewise inapposite to the instant case, since the use and care of board of education facilities under a contractual agreement is plainly proper in connection with park district recreational activities.

In sum, we believe that the record discloses that taxpayers were sufficiently informed of the purpose for which the money in item 522 is to be spent. The court correctly overruled the objections to that expenditure and the judgment is therefore affirmed.

Affirmed.

ADESKO and DIERINGER, JJ., concur.